**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 28, 1995.

Decided July 10, 1995.

Joseph J. Devanney, for petitioner.

Randall S. Brandes, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Southeastern Pennsylvania Transportation Authority (Employer) appeals an order of Unemployment Compensation Board of Review which dismissed its appeal as being untimely filed.

The Board made the following findings of fact. On January 24, 1993, Joseph D. Quinn filed an application for unemployment compensation benefits, following his dismissal by Employer. This application was denied and Claimant filed a timely appeal to the referee. Following a hearing on the merits,[1] the referee granted benefits. This decision was mailed to Employer on June 9, 1994, accompanied by a notice stating that all appeals had to be filed within fifteen days, that is, by June 24, 1994, a Friday. However, Employer's appeal to the Board was not received until June 27, 1994, a Monday.

At the hearing on this issue, Employer's counsel stated that four copies of the appeal were mailed; two by regular first class mail, and two by certified mail.[2] None of the envelopes had an official U.S. postmark; all carried only Employer's internal private postage meter mark. Raymond Massey, Jr., a mailroom employee testified that Employer's private meter stamp accurately reflected the mail date of a particular piece of mail, because only authorized employees have access to the postage meter. He further testified that all metered mail is personally delivered to the post office on the day that it is

---

1. The merits involved consideration of whether Claimant was dismissed for willful misconduct.

2. Counsel for Employer at the referee's hearing explained that two letters of appeal, one sent first class and the other sent certified mail, were sent to the Board's office in Harrisburg, and two identical letters were sent in the identical manner to the Board's interstate claims office.

stamped.[3] Since there was no official U.S. postmark, the Board held that Employer's appeal was untimely. This appeal followed.

Employer argues that it presented adequate circumstantial evidence to prove that its appeal was placed in the mail on Wednesday, June 22, 1994, and, therefore, its appeal must be considered timely filed.

■ Section 502 of the Law[4] provides that all appeals from the decisions of referees "shall be deemed the final decision of the board, unless an appeal is filed therefrom, within fifteen days after the date of such decision...." The date when an appeal to the Board is initiated "shall be determined from the postmark appearing upon the envelope in which the appeal form or written communication was mailed." 34 Pa.Code § 101.82(d).[5] The requirement that an appeal be filed within fifteen days is jurisdictional, precluding either the Board or a referee from further considering the matter. *Darroch v. Unemployment Compensation Board of Review,* 156 Pa.Commonwealth Ct. 435, 627 A.2d 1235 (1993).

■ We have held several times that a private postage meter mark is not the equivalent of an official U.S. Postal Service mark, and is not determinative of the timeliness of an appeal. *E.B.S. v. Unemployment Compensation Board of Review,* 150 Pa.Commonwealth Ct. 10, 614 A.2d 332 (1992); *see also Williams v. Unemployment Compensation Board of Review,* 75 Pa.Commonwealth Ct. 172, 461 A.2d 643 (1983). We have also recently held that the "regulation [34 Pa. Code § 101.82(d) ] as drafted does not recognize placing an appeal in the mail as the initiation of the appeal. The regulation recognizes only the postmark date...." *Edwards v. Unemployment Compensation*

*Board of Review,* 162 Pa.Commonwealth Ct. 698, 702, 639 A.2d 1279, 1281 (1994). The U.S. postmark, as opposed to a private meter postmark or testimony concerning the placing of the appeal in the mail box, is virtually unassailable evidence of the time of mailing.[6] Accordingly, we hold that when the envelope containing the appeal does not have an official U.S. postmark, it must be deemed filed on the date when it is received by the Board. *See also Gannett Satellite Information Network, Inc. d/b/a/ the Public Opinion v. Unemployment Compensation Board of Review,* — Pa.Commonwealth Ct. —, 661 A.2d 502 (1995).

■ There is no question that the envelope in which the appeal was mailed contained only a private postage meter mark. Employer presented circumstantial evidence to show when the appeal was filed and counsel for Claimant in fact agreed to stipulate that the appeal was placed in the mail on June 22, 1994. (Notes of Testimony, 8/31/94 at 4; Reproduced Record at 14a.) However, as we held in *Edwards,* it is not the placing of the appeal in the mail which determines when the appeal is deemed filed; the placement of an official U.S. postmark on the envelopes containing the appeal notice is the determining fact. Since none of the appeals mailed by Employer bears an official U.S. postmark, Employer's appeal must be considered untimely since it was received after the filing deadline.

This rule may be considered harsh, but, in view of the language of the regulation, and the opportunities for abuse,[7] it is necessary to require a party filing an appeal to obtain an official U.S. postmark in order to avail itself to the provisions of 34 Pa.Code § 101.82(d).[8] In this case, there was no rea-

---

**3.** Employer did not provide any explanation as to why it failed to obtain an official U.S. Post Office postmark on either the certified mail certificates, or on the regular first-class envelopes.

**4.** Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937), 2897, *as amended,* 43 P.S. § 822.

**5.** 34 Pa.Code § 101.102 provides that appeals to the Board shall conform to the provisions of 34 Pa.Code § 101.82.

**6.** Employer has not argued a breakdown in the postal system. *See Darroch.*

**7.** We in no way wish to imply that there was any abuse of the system by either party to this appeal.

**8.** The Supreme Court in *Miller v. Unemployment Compensation Board of Review,* 505 Pa. 8, 13, 476 A.2d 364, 366 (1984), noted that

[i]t must be possible to determine the timeliness of a filing from either the face of the

son why Employer could not obtain an official U.S. postmark by having its certified mail certificate stamped, obtaining a U.S. Postal Service 3817 certificate of mailing, or simply taking the envelope to a teller's window at the Post Office and asking for a postmark.

Affirmed.

### ORDER

NOW, July 10, 1995, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

document or from the internal records of the court. It would be inefficient and unduly burdensome to require courts to hold evidentiary hearings to determine timeliness. Any such rule would defeat the purpose the timeliness requirements are meant to accomplish.

Not cited by SEPTA, we nevertheless note that although the court in *Miller* permitted testimony concerning the placing of an appeal in the mail, the holding in that case, deeming the appellant's late appeal as timely filed does not apply. The holding in *Miller* was based on a rule of appellate procedure allowing for "substantial compliance" with the rules and also on the Supreme Court's taking judicial notice of the hours of operation of the U.S. Post Office in Harrisburg. There is no administrative rule generally permitting substantial compliance with the time for filing appeals, nor will we take judicial notice of the operation of the postal system.