735 A.2d 697

**Tse Teng LIN, Appellant,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Appellee.**

**Piotr Falkowski, Appellant,**

v.

**Unemployment Compensation Board of Review, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 20, 1998.

Decided Aug. 17, 1999.

---

Tina E. Ferris, David S. Dessen, Philadelphia, for Tse Teng Lin.

William A. Hawkins, Sarah C. Yerger and Clifford F. Blaze, Harrisburg, Linda S. Lloyd, Pittsburgh, for U.C.B.R.

Robert J. Bohner, for intervenor—Pa. Machine Works.

Kenneth M. Kapner, Philadelphia, for Peter Falkowski.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION OF THE COURT

CASTILLE, Justice.

The issue before this Court in these consolidated appeals is whether an appeal from the denial of unemployment compensation benefits is timely filed if the envelope in which the appeal is mailed bears the mark of a private postage meter rather than a United States postmark and is received by appellee one day after the deadline for the filing of an appeal. Because we agree with the Commonwealth Court that a United States postmark is necessary for a determination of the timeliness of an appeal, we affirm.

The facts of the consolidated cases are virtually identical. Appellant Lin was terminated from his employment as an accountant with Pennsylvania Machine Works, Inc. on May 5, 1996, and thereafter applied for unemployment compensation benefits. On June 12, 1996, the Office of Employment Security (OES) issued a Notice of Determination denying benefits to Lin based on a finding that he was discharged for willful misconduct.[1] Pursuant to the terms of the Notice of Determination, the filing deadline for an appeal was June 27, 1996. The Interstate Claims office did not receive Lin's appeal until June 28, 1996, and the referee dismissed Lin's appeal as untimely. The envelope containing the appeal bore a private postage meter mark dated June 25, 1996. Lin petitioned for review with appellee, and appellee affirmed the decision of the referee.

On June 26, 1996, appellant Falkowski was terminated from his employment with Tube Methods Inc. and applied for unemployment compensation benefits on June 30, 1996. On July 22, 1996, the OES issued a Notice of Determination disapproving Falkowski's claim finding that he was discharged for repeated refusal to perform required work constituting willful misconduct. *See* footnote 1. The Notice of Determination stated that the last day to file an appeal was August 6,

---

1. 43 P.S. § 802(e).

1996. The Hatboro Job Center received Falkowski's appeal on August 7, 1996, bearing the mark of a private postage meter dated August 5, 1996. After a hearing, the referee dismissed the appeal as untimely. Falkowski appealed to appellee, and appellee affirmed the referee's decision.

The provision governing the timing of the filing of an appeal to the Unemployment Compensation Board of Review, 34 Pa.Code § 101.82(d), provides: "(d) The date of initiation of an appeal delivered by mail, either on the prescribed appeal form or by any form of written communication, shall be determined from the postmark appearing upon the envelope in which the appeal form or written communication was mailed." In both of the instant cases, the Commonwealth Court held that the term postmark in this provision means a United States postmark. Appellants, however, urge on this Court an interpretation of this provision that encompasses the marks of private postage meters within the term postmark.

The Commonwealth Court has consistently held that a private postage meter mark is not the equivalent of a United States postmark. In *Vereb v. Unemployment Compensation Board of Review*, 676 A.2d 1290 (Pa.Commw.1996), the Commonwealth Court was faced with facts identical to the instant facts. An appeal was received one day after the deadline for filing, and the transmittal envelope contained a private postage meter mark rather than a United States postmark. The Commonwealth Court stated:

> The general requirement for filing a timely appeal from an adverse determination by OES is found in Section 501(e) of the Law, 43 P.S. 821(e), which provides that an appeal must be filed "within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address." Furthermore, this fifteen-day time limit is mandatory and subject to strict application. If an appeal from a determination of OES is not filed within fifteen days of its mailing, the determination becomes final, and the Board does not have the requisite jurisdiction to consider the matter. *Phares v. Unemployment Compensation Board of Review*, 85 Pa. Commw. 475, 482 A.2d 1187

(Pa.Cmwlth.1984); *Darroch v. Unemployment Compensation Board of Review,* 156 Pa. Commw. 435, 627 A.2d 1235 (Pa.Cmwlth.1993).

Nevertheless, there is a small exception to the strict fifteen-day filing deadline for appeals which are filed by mail and bear an official United States postmark. Pursuant to Section 101.82(d) of Title 34 of the Pennsylvania Code, 34 Pa.Code § 101.82(d), an appeal will be deemed to be timely filed even if received after this fifteen-day period if the envelope in which the appeal was mailed bears a postmark with a date which falls within the fifteen-day time period mandated by Section 501(e) of the Law.

*Id.* at 1292–93. Finding that the United States postmark is the most reliable means of determining the precise time of filing, the Commonwealth Court held that the appeal in *Vereb* was not timely filed.

In *Gannett Satellite Information Network, Inc. v. Unemployment Compensation Board of Review,* 661 A.2d 502, 504 (Pa.Commw.1995), again dealing with the conflict between a private postage meter mark and a United States postmark, the Commonwealth Court stated:

We have held several times that a private postage meter mark is not the equivalent of an official U.S. Postal Service mark, and is not determinative of the timeliness of an appeal. *E.B.S. v. Unemployment Compensation Board of Review,* 150 Pa.Commonwealth Ct. 10, 614 A.2d 332 (1992); *see also Williams v. Unemployment Compensation Board of Review,* 75 Pa.Commonwealth Ct. 172, 461 A.2d 643 (1983). We have also recently held that the "regulation [34 Pa.Code § 101.82(d) ] as drafted does not recognize placing an appeal in the mail as the initiation of the appeal. The regulation recognizes only the postmark date...." *Edwards v. Unemployment Compensation Board of Review,* 162 Pa.Commonwealth Ct. 698, 702, 639 A.2d 1279, 1281 (1994). The U.S. postmark, as opposed to a private meter postmark or testimony concerning the placing of the appeal in the mail box, is virtually unassailable evidence of the time of mailing of an appeal. Accordingly, we hold that when the

envelope containing the appeal does not have an official U.S. postmark, it must be deemed filed when received. *See also Southeastern Pennsylvania Transportation Authority v. Unemployment Compensation Board of Review,* [661 A.2d 505 (Pa.Commw.1995) ].

This Court recently endorsed these Commonwealth Court decisions in *Sellers v. Workers' Compensation Appeal Board (HMT Construction Services, Inc.),* 552 Pa. 22, 713 A.2d 87 (1998), a case involving the timeliness of an appeal from an adverse decision regarding workers' compensation benefits. There, as in the instant cases, the envelope containing the appeal bore a private postage meter mark rather than a United States postmark and was received after the filing deadline. The Commonwealth Court held that, because the appeal envelope did not contain an official United States postmark, the appeal was untimely. In support of its decision, the Commonwealth Court cited the unemployment compensation cases cited herein. Appellant there argued that the unemployment compensation cases were inapposite because the regulation governing workers' compensation appeals differs from the regulation governing unemployment compensation appeals. This Court affirmed the Commonwealth Court's decision holding that the cases were properly applied by the Commonwealth Court for purposes of comparison and that the regulation governing workers' compensation[2] appeals also dates the time of filing by a postmark which is interpreted to mean a United States postmark.

We agree with the Commonwealth Court that a United States postmark is the most reliable means of accurately dating the mailing of an appeal in an unemployment compensation case. The date on a private postage meter can be readily changed to any date by the user; therefore it lacks the inherent reliability of the official United States postmark.[3]

---

**2.** 34 Pa.Code § 111.3(a), applicable to workers' compensation appeals, provides that service by mail is deemed complete "upon depositing in the mail, postage or charges prepaid, as evidenced by the postmark."

**3.** There is no suggestion in either of the instant cases that any party altered any private postage meter date.

Accordingly we concur with the Commonwealth Court that an appeal in unemployment compensation matters bearing a private postage meter mark should be considered filed when received. Hence, the appeals filed in the instant cases were untimely as the envelopes bore private postage meter marks and were received after the filing deadline.[4]

The decisions of the Commonwealth Court are affirmed.

Justice ZAPPALA files a dissenting opinion.

ZAPPALA, Justice, dissenting.

I respectfully dissent and would reverse based on this Court's decision in *Miller v. Unemployment Compensation Board of Review*, 505 Pa. 8, 476 A.2d 364 (1984).

*Miller* involved the timeliness of an appeal to the Commonwealth Court from a decision of the Unemployment Compensation Board of Review (Board). In *Miller*, the final date a petition for review from the Board's order could be filed with the Commonwealth Court was Friday, September 17, 1982.

---

**4.** Appellants urge us to apply this Court's holding in *Miller v. Unemployment Compensation Board of Review*, 505 Pa. 8, 476 A.2d 364 (1984), to find that the appeals were timely filed. We decline to do so for two reasons. First, our more recent holding in *Sellers v. Workers' Compensation Appeal Board (HMT Construction Services, Inc.)*, 552 Pa. 22, 713 A.2d 87 (1998), is more closely analogous as the regulations governing the filing of an appeal to the Board of Review in workers' compensation and unemployment compensation cases are similarly worded, both specifically referring to a postmark. Second, *Miller* involves the application of the Rules of Appellate Procedure governing appeals to the Commonwealth Court rather than the agency appeal involved in the instant matters. Pa.R.A.P. 1514(a) dates the filing of an appeal transmitted by mail by the date on a U.S. Postal Service Form 3817 certificate of mailing. Such a certificate of mailing can only be obtained during hours when the post office is open for business and is distinct and separate from a U.S. postmark. A postmark, on the other hand, can be readily obtained by depositing mail in a postal service mail box or at the post office, even if the post office is not open for business. Thus, *Miller* and the instant cases are distinguishable because they involve interpretations of different rules governing appeals to appellate courts and agency appeals. Further, this Court in *Miller* went to considerable lengths to find that the appeal there was timely filed. To impose the burden of going through these machinations on the Unemployment Compensation Board of Review would thwart the purpose of the unemployment compensation scheme – the speedy payment of benefits where benefits are warranted.

Miller's appeal, however, did not reach the court until Monday, September 20, 1982. Because the appeal did not include a date-stamped U.S. Postal Service Form 3817 certificate of mailing as required by Pa.R.A.P. 1514(a), the Commonwealth Court held that the petition was untimely.

This Court reversed, reasoning:

> [T]he "just, speedy and inexpensive determination" of matters before all our courts, trial and appellate, requires the orderly management of dockets and the timely filing of all relevant papers. Provision must also be made for determining when the timeliness requirements have been met. It must be possible to determine the timeliness of a filing from either the face of the document or from the internal records of the court. It would be inefficient and unduly burdensome to require courts to hold evidentiary hearings to determine timeliness. Any such rule would defeat the purpose the timeliness requirements are meant to accomplish.

> Those same rules, however, are to be "liberally construed." Pa.R.A.P. 105(a); Pa.R.C.P. 126. We have long refused to give overly technical, restrictive readings to procedural rules, particularly when remedial statutes such as the Unemployment Compensation Act are involved. *Unemployment Compensation Board of Review v. Jolliffe*, 474 Pa. 584, 379 A.2d 109 (1977); *Lattanzio v. Unemployment Compensation Board of Review*, 461 Pa. 392, 336 A.2d 595 (1975). Dismissals are particularly disfavored. "The extreme action of dismissal should be imposed by an appellate court sparingly, and clearly would be inappropriate when there has been substantial compliance with the rules and when the moving party has suffered no prejudice." *Stout v. Universal Underwriters Insurance Co.*, 491 Pa. 601, 604, 421 A.2d 1047, 1049 (1980)....

476 A.2d at 366–367 (footnote omitted).

We went on to take judicial notice of the hours of operation of the Harrisburg Post Office and found that since the post office was closed on Saturdays and Sundays, the appeal must have been at the post office on or before Friday, September

17, 1982, in order to be received by the court on Monday, September 20, 1982. We reasoned that since Miller had "substantially complied" with the rules, "the dismissal of his petition, under the facts of [the] case, was improper." *Id.* at 367.

We further stated:

We do not condone untimeliness. In cases such as this, however, where the record shows clearly and without dispute that a petition for review was timely mailed prior to the 30–day jurisdictional deadline, where counsel for appellant apprises the court of the record in this respect and timeliness can be determined from an examination of the records of the court, a fair and just interpretation of our rules makes a dismissal improper.

We need not have drafted our rules to equate the date of mailing with the date of filing. Nevertheless, our rules do allow filing by mail, and our courts cannot consistently judge a petition as timely by the date of its mailing and at the same time reject that petition when the record is sufficient to show a timely mailing.

*Id.*

Whereas *Miller* involved the timeliness of an appeal from a decision of the Board, the instant cases involve appeals to the Board from decisions of referees. The filing deadline for the appeal of Tse Teng Lin to the Board was Thursday, June 27, 1996; the appeal was not received until Friday, June 28, 1996. Similarly, the filing deadline for the appeal of Piotr Falkowski to the Board was Tuesday, August 6, 1996; the appeal was not received until Wednesday, August 7, 1996.

Appellants argue that their cases are directly on point with and controlled by *Miller.* Appellants contend that in order for their appeals to have arrived by mail one day after the filing deadline, the only logical conclusion is that their appeals had to have been placed in the mail on or prior to the filing deadline. I must agree.

The failure of the majority to apply the reasoning of *Miller* to the cases at hand, where it is clear that the appeals had

been mailed during the relevant statutory appeal periods, is inconsistent with the principles which are intended to govern the administration of a remedial statutory system such as the Unemployment Compensation Act. Further, it would appear that this is the proverbial distinction without a difference. Unlike the majority, I discern no difference between the standards for adjudicating timeliness applicable to an appeal to the Board from a decision of a referee, and those applicable to an appeal to the Commonwealth Court from a decision of the Board. Given our statement in *Miller*, that "[w]e have long refused to give overly technical, restrictive readings to procedural rules, particularly when remedial statutes such as the Unemployment Compensation Act are involved," the majority's conclusion that our holding in *Miller* is inapplicable in the context of unemployment compensation is puzzling.[1]

Because the record clearly shows without dispute that the appeals of Tse Ting Lin and Piotr Falkowski were timely mailed prior to the jurisdictional deadline, the subsequent dismissal of their appeals was improper under *Miller*. Accordingly, I dissent and would reverse the orders of the Commonwealth Court.

---

1. Moreover, I find equally unpersuasive the majority's attempt to distinguish *Miller* on the basis of our recent decision in *Sellers v. Workers' Compensation Appeal Board (HMT Construction Services, Inc.)*, 552 Pa.22, 713 A.2d 87 (1998). Unlike the instant cases where the record clearly shows that the appeals were timely mailed prior to the jurisdictional deadlines, the record in *Sellers* was insufficient to show that a timely mailing occurred as the appeal in *Sellers* was received on Wednesday, June 7, 1995, two days past the jurisdictional deadline of Monday, June 5, 1995.