COPYRIGHT, INC., Petitioner,

v.

UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 11, 1999.

Decided Oct. 14, 1999.

Leslie M. Gerstein, Philadelphia, for petitioner.

Robert C. Schramm, Harrisburg, for respondent.

Before PELLEGRINI, J.,
LEADBETTER, J., and JIULIANTE,
Senior Judge.

LEADBETTER, Judge.

This appeal raises an issue of first impression, to wit, whether for purposes of determining the timeliness of an appeal under the unemployment compensation regulations, the term "postmark" includes dates recorded on the tracking slips of private delivery services such as United Parcel Service.

Claimant, Niaundria E. Ramseur, was terminated by employer on August 13, 1998 and filed a claim for benefits on August 21, 1998. By determination bearing a mailing date of September 16, 1998, the Job Center granted the claim. The determination advised employer that any appeal must be filed by October 1, 1998 and further advised that an appeal could be filed in person at any Job Center during business hours or by mail, if postmarked on or before the appeal deadline. Employer's appeal was received by the Job Center on October 2, 1998.

A hearing before a referee was initially set for October 29, 1998. At that hearing, the referee advised the parties of the apparent untimeliness of the appeal, and continued the hearing until November 18, 1998, at which time employer presented a copy of a United Parcel Service (UPS) "tracking slip," which indicated that the appeal document had been picked up from employer by UPS at 18:45 on October 1, 1998.[1] The referee, by decision dated November 20, 1998, dismissed employer's appeal as untimely, and the Unemployment Compensation Board of Review affirmed.

Section 501(e) of the Unemployment Compensation Law[2] provides in part that unless the employer files an appeal within

---

1. The referee also heard evidence on the merits of the claim. However, because the referee concluded that the appeal was untimely, he did not make findings of fact or conclusions of law on the merits.

2. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, 43 P.S. § 821(3).

fifteen days after notice of the grant of an unemployment compensation claim, the determination shall be final and compensation shall be paid or denied in accordance therewith. Regulations, found at 34 Pa. Code § 101.82(d) further provide that:

The date of initiation of an appeal delivered by mail, either on the prescribed appeal form or by any form of written communication, shall be determined from the postmark appearing upon the envelope in which the appeal form or written communication was mailed.

This court has consistently held that the term "postmark" means a United States postmark, i.e., one placed on the envelope by the U.S. Postal Service. *See, e.g., Vereb v. Unemployment Compensation Board of Review,* 676 A.2d 1290 (Pa.Cmwlth. 1996); *SEPTA v. Unemployment Compensation Board of Review,* 661 A.2d 505 (Pa. Cmwlth.1995); *Edwards v. Unemployment Compensation Board of Review,* 162 Pa. Cmwlth. 698, 639 A.2d 1279 (1994). Recently, our Supreme Court adopted this reasoning in *Lin & Falkowski v. Unemployment Compensation Board of Review,* —— Pa. ——, 735 A.2d 697 (1999).[3]

Employer, however, argues that these cases are distinguishable in that they involved private postage meters. As recognized by both the Commonwealth and Supreme Courts, because the date on a private postage meter can be readily changed to any date by the user, it lacks the inherent reliability of the official United States postmark. *Lin & Falkowski,* —— Pa. at ——, 735 A.2d at 700. Here, employer argues the appeal was sent by an independent entity not under the control of employer, thus removing the opportunity for fraud and abuse. This position is not without merit.

The United States District Court for the Eastern District of Pennsylvania recently decided a similar case under nearly identical federal regulations. In *Kreider Dairy Farms, Inc. v. Glickman,* 1998 WL 481926, 1998 U.S. Dist. LEXIS 12331 (E.D. Pa., filed August 10, 1998) (Cahn, C.J.), *vacated on other grounds* 190 F.3d 113, 1999 U.S.App. LEXIS 20663 (3d Cir.1999), an appeal from an administrative determination was sent via Federal Express on the last day of the appeal period. The appeal, however, did not arrive until the following day and was rejected as untimely. The applicable regulations, found at 7 C.F.R. § 900.69(d), provided that documents shall be deemed to have been filed when postmarked or received. The regulations did not define "postmark."

The court concluded that the rejection elevated form over substance, noting that:

The purpose of the postmark requirement is to ensure that there is reliable evidence of the date a party sends a document to the hearing clerk before the document will be deemed filed on such date. By ruling that the only way a party can satisfy the postmark requirement is to send a document to the hearing clerk via the U.S. Postal Service, the [Judicial Officer] construes the postmark requirement too narrowly. Although Federal Express (also known as "FedEx") is not affiliated with the U.S. Postal Service, it is nevertheless a well-known delivery service, and there is no reason to doubt the reliability of a Federal Express label, especially one generated and affixed by Federal Express employees, insofar as it establishes the date a party gives an item to Federal Express for delivery.

*Id.* at *5, 1998 U.S. Dist. LEXIS at 15 (footnotes omitted).

Judge Cahn distinguished the situation from that of a private postage meter, which a private individual could manipulate to show any desire date. *Id.* at *5, n. 8,

---

**3.** We note that the Supreme Court in *Lin* also distinguished *Miller v. Unemployment Compensation Board of Review,* 505 Pa. 8, 476 A.2d 364 (1984), a case relating to appeals under the Rules of Appellate Procedure. Employer's argument that the *Miller* rationale should be applied here, therefore, is controlled by *Lin* and must be rejected.

1998 U.S. Dist. LEXIS at 15, n. 8. Further:

> [The Judicial Officer's] ruling is at odds with the realities of the modern practice of law. Over the past several years, the court has observed that lawyers' use of delivery services such as Federal Express is rising steadily. Because delivery services can reliably deliver documents worldwide, and often faster than the U.S. Postal Service, it appears to the court that in at least some legal markets, delivery services have supplanted the U.S. Postal Service as the normal means of document delivery. As a New York lawyer recently said in response to the court's suggestion that he send a document by "regular mail" (the U.S. Postal Service) instead of Federal Express, which costs more, "Out here, FedEx is regular mail."

*Id.* at *6, 1998 U.S. Dist. LEXIS at 18 (footnotes omitted).

The court concluded by holding that:

> [T]he correct approach—one that elevates substance over form and is more in tune with the practices of today's legal community as the court perceives them—is to construe the postmark requirement to cover use of the U.S. Postal Service and Federal Express for purposes of determining a filing date. The court notes that statutes and regulations regarding "postmarks" in some other contexts already take this approach. *See,* e.g., 26 U.S.C.A. § 7502(f)(1)(West 1989 & Supp.1998)(Internal Revenue Code)("Any reference ... to a postmark by the United States Postal Service shall be treated as including a reference to any date recorded or marked ... by any designated delivery service."); 50 C.F.R. § 285.2 (1998)(Wildlife and Fisheries)(defining postmark as, *inter alia,* "independently verifiable evidence of date of mailing such as U.S. Postal Service postmark, United Parcel Service (U.P.S.) or other private carrier postmark"); but see 38 U.S.C.A. § 7266(a)(3)(B) (West 1991 & Supp.1998) (Veterans' Benefits)("[A] notice of appeal shall be deemed to be received by the Court [of Veterans Appeals] ... on the date of the United States Postal Service postmark.")

*Id.* at *6, 1998 U.S. Dist. LEXIS at 20 (footnotes omitted).

We find Judge Cahn's opinion to be instructive, and, were we writing on a clean slate, would also find it persuasive. However, unlike the postmark requirement at issue in *Kreider,* the postmark requirement of 34 Pa.Code § 101.82(d) has been interpreted by both this court and our Supreme Court to allow only "official" U.S. postmarks. *Lin & Falkowski,* —— Pa. at ——, 735 A.2d at 700; *SEPTA v. Unemployment Compensation Board of Review,* 661 A.2d at 507 (Pa.Cmwlth.1995). Accordingly, although we are bound by controlling caselaw to affirm the decision of the Board, we would urge the Board to consider whether the time has come for a modification of its regulations.

### *O R D E R*

AND NOW, this 14th day of October, 1999, the order of the Unemployment Compensation Review Board in the above captioned matter is AFFIRMED.