IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Condemnation by the Mercer   :
Area School District of Mercer   :
County for Acquisition of Land for   :
School Purposes in the Borough of   :
Mercer, Being the Lands of Kevin   :
and Doreen Wright and Glenn and   :
Edith Krofcheck   :   No. 58 C.D. 2016
   :
Appeal of: Mercer Area School   :   Submitted: July 29, 2016
District   :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
   HONORABLE PATRICIA A. McCULLOUGH, Judge
   HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH          FILED: December 15, 2016


Mercer Area School District (District) appeals from the December 16, 2015 order of the Court of Common Pleas of Mercer County (trial court) sustaining the preliminary objections of Kevin and Doreen Wright, husband and wife, and Glen and Edith Krofcheck, husband and wife (collectively Landowners), and striking the District's declaration of taking. Because the District waived all of its issues on appeal by filing an untimely statement of errors pursuant to Pennsylvania Rules of Appellate Procedure (Pa.R.A.P.) 1925(b), we will affirm the trial court's order.

This case returns to us following our decision in *In re Condemnation by Mercer Area School District*, (Pa. Cmwlth., No. 2269 C.D. 2012, filed March 17,

2014) (unpublished), wherein we reversed the trial court's order sustaining Landowners' preliminary objection on grounds of res judicata and remanded to the trial court for further proceedings.

On remand, the trial court held an evidentiary hearing on Landowners' outstanding preliminary objections. By opinion and order dated December 16, 2015, the trial court sustained one of Landowners' preliminary objections and struck the declaration of taking. More specifically, the trial court concluded that the District acted in bad faith in failing to properly investigate, and make an informed decision regarding, the taking of a portion of Landowners' property to construct a roadway to the school grounds. (Trial court op., 12/16/15, at 9-25.)

Thereafter, the District filed a notice of appeal and the trial court entered an order, dated and docketed by the prothonotary on January 12, 2016, directing the District to file a Rule 1925(b) statement[1] within twenty-one days of the order, or

---

[1] Pa.R.A.P. 1925(b) pertinently provides as follows:

(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court. — If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

(1) Filing and service. — Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in Pa.R.A.P. 121(a) and shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified . . . .

\* \* \*

**(Footnote continued on next page…)**

February 2, 2016. The District's Rule 1925(b) statement was accompanied by a cover letter and statement of service from its attorney dated January 29, 2016; the Rule 1925(b) statement was contained within an envelope that had a postmark date of February 1, 2016, which was stamped by the District's own postage meter and the United States Postal Service. However, the District did not obtain a United States Postal Service Form 3817, or a Certificate of Mailing, and its Rule 1925(b) statement was received and filed with the prothonotary and the trial court one day late, on February 3, 2016. (Pa.R.A.P. 1925(a) op. at 3-4.)

---

**(continued…)**

(2) Time for filing and service. — The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental statement to be filed. In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement nunc pro tunc.

(3) Contents of order. — The judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b).

Landowners subsequently filed a motion to quash the District's appeal in this Court, asserting that the District's Rule 1925(b) statement was untimely filed. By order dated April 4, 2016, a judge from this Court directed that the motion be considered with the merits.

On appeal, the District contends that the trial court applied the incorrect legal standard in determining that it acted in bad faith and that the record does not support a finding of bad faith. However, before addressing the merits of these claims, we must first determine whether the District's 1925(b) statement was filed timely. *See In re Clinton County Tax Claims*, 109 A.3d 331, 334 (Pa. Cmwlth. 2015); *Greater Erie Industrial Development Corp. v. Presque Isle Downs, Inc.*, 88 A.3d 222, 223 (Pa. Super. 2014) (en banc).

This Court recently explained:

> Whenever the trial court orders an appellant to file a concise statement of matters complained of on appeal pursuant to Rule 1925(b), the appellant must comply in a timely manner. Failure to comply with the order's directive will result in waiver of all issues raised on appeal. Previously, both this Court and the Superior Court declined to waive issues raised in an untimely 1925(b) statement if the trial court issued an opinion addressing the merits of those issues. However . . . our Supreme Court [subsequently] held that if an appellant fails to timely comply with a trial court's order to file a 1925(b) statement, all issues raised on appeal are automatically waived . . . .
>
> Stressing the need for consistent and uniform applications of 1925(b), the Supreme Court specifically voice[d] . . . disapproval of prior decisions of the intermediate courts to the extent that they have created exceptions to [Pa.R.A.P. 1925] and have addressed issues that should have been deemed waived. The court held that, absent extraordinary circumstances, an untimely filed 1925(b) statement automatically results in waiver of the issues raised on appeal.

4

*In re Clinton County Tax Claims*, 109 A.3d at 334-35 (citation and internal quotation marks omitted); *see Greater Erie Industrial Development Corp.*, 88 A.3d at 223-25.[2]

Applying Pa.R.A.P. 1925 to the facts of the case, this Court in *In re Clinton County Tax Claims* affirmed a trial court's order because the appellant filed his Rule 1925(b) statement one day late. *Id.* at 335-36 ("Because [the appellant] did not file his statement until April 15, 2014, one day after the expiration of the twenty-one day period, we are constrained to hold that the statement was untimely filed and

[2] In *In re Clinton County Tax Claims*, we discussed and relied upon our Supreme Court's decision in *Commonwealth v. Castillo*, 888 A.2d 775 (Pa. 2005). In *Castillo*, the trial court ordered the appellant in a criminal case to file a Rule 1925(b) statement within fourteen days. The appellant filed his statement nearly two months after the trial court's order was entered. The trial court subsequently issued an opinion addressing the issue raised in the Rule 1925(b) statement, and, for that reason, the Superior Court determined that it could consider that issue on appeal. On appeal, however, our Supreme Court reversed that determination and held that "in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925." *Castillo*, 888 A.2d at 780 (citation omitted). The Supreme Court also concluded that an untimely filed Rule 1925(b) statement is precisely that, regardless of the degree of untimeliness, and reaffirmed the bright-line waiver rule established in *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998).

In 2007, Pa.R.A.P. 1925 underwent significant changes. As explained by our Supreme Court:

> Rule 1925 was extensively revised in 2007. The revisions were designed to resolve a number of problems that had complicated enforcement of the Rule. Those problems included a relatively brief amount of time allotted for filing a Statement, uncertainty surrounding an appellant's right to an extension of time for filing a Statement, and requirements that a Statement be concise while at the same time setting forth all objections to the order at issue. The 2007 amendments addressed these difficulties and made sweeping changes which included a longer period for filing, explicit provisions for extensions of time to file, and detailed direction on the information a Statement should include.

*Commonwealth v. Gravely*, 970 A.2d 1137, 1140 (Pa. 2009).

that [the appellant] waived the issue of improper posting on appeal.").   In this case, the District concedes that its Rule 1925(b) statement was due on February 2, 2016, but that the prothonotary and the trial court did not receive and docket it until February 3, 2016.  (Answer to Motion to Quash, at ¶¶3, 5.)  Therefore, pursuant to *In re Clinton County Tax Claims*, all of the District's arguments are waived unless some exception applies.

In relevant part, Pa.R.A.P. 1925(b)(1) states:  "Filing of record and service on the judge shall be in person or by mail as provided in Pa.R.A.P. 121(a) and *shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified*."  Pa.R.A.P. 1925(b)(1) (emphasis added). In turn, Pa.R.A.P. 121 states:  "Filing may be accomplished by mail addressed to the prothonotary, but . . . *filing shall not be timely unless the papers are received by the prothonotary within the time fixed for filing*."  Pa.R.A.P. 121(a) (emphasis added).[3] Therefore, under these rules, a Rule 1925(b) statement will be deemed to be filed on the date on which the prothonotary receives it, unless the Rule 1925(b) statement has included with it a "Form 3817, Certificate of Mailing, or other similar United States Postal Service form[.]"  Pa.R.A.P. 1925(b)(1).[4]

---

[3] *See also* Pa.R.C.P. No. 205.1 provides:  "Any legal paper not requiring the signature of, or action by, a judge prior to filing may be delivered or mailed to the prothonotary . . . . *A paper sent by mail shall not be deemed filed until received by the appropriate officer*."  Pa.R.C.P. No. 205.1 (emphasis added).

[4] *Compare Commonwealth v. Jones*, 700 A.2d 423, 426 (Pa. 1997) ("We note, however, that [Pa.R.A.P.] 1514 explicitly provides that an appeal may be deemed 'filed' either on the date the prothonotary receives it or on the date the appellant deposits it with the United States Postal Service if he uses a Postal Form 3817, Certificate of Mailing, on which the postal clerk stamps the date of mailing.").

Here, the District points out that an envelope containing its Rule 1925(b) statement and received by Landowners bears a postmark of February 1, 2016, from the United States Postal Service. (Answer to Motion to Quash, at ¶10.) However, the District admits that it did not obtain a Form 3817, a Certificate of Mailing, or a similar postage document referenced in Pa.R.A.P. 1925(b)(1). (Answer to Motion to Quash, at ¶¶3, 5.) Importantly, a postmark from the post office is different from Form 3817 or a Certificate of Mailing,[5] and a postmark cannot be considered to be a "United States Postal Service form" for purposes of Pa.R.A.P. 1925(b)(1). This is because a postmark is not a receipt or card, independent of the delivery envelope, that is stamped or signed by the postal authorities during hours when the post office is open. *See* Pa.R.A.P. 1925, *Note* ("Counsel is advised to retain date-stamped copies of the postal forms . . . in case questions arise later as to whether the Statement was timely filed or served on the judge."); *see also* Pa.R.A.P. 112, *Note* (discussing procedures for obtaining and attaching "Form 3817 Certificate of Mailing or other similar United States Postal Service form" to a petition for allowance of appeal). Even more important, unlike other rules and regulations, Pa.R.A.P. 1925(b)(1) does not include a United States Postal Service postmark as a means by which to evidence the date of filing. *See*, e.g., 34 Pa. Code §101.82(b)(1)(i) (stating that the "filing date" will be determined by "[t]he date of the official United States Postal Service postmark on the envelope containing the appeal[.]"). This Court is not at liberty to

---

[5] *See also Lin v. Unemployment Compensation Board of Review*, 735 A.2d 697, 702 n.4 (Pa. 1999) ("[A] certificate of mailing can only be obtained during hours when the post office is open for business and is distinct and separate from a U.S. postmark. A postmark, on the other hand, can be readily obtained by depositing mail in a postal service mail box or at the post office, even if the post office is not open for business.").

rewrite and enlarge the language of Pa.R.A.P. 1925(b)(1) to add and include that which our Supreme Court chose to include when promulgating the rule.

Therefore, under Pa.R.A.P. 1925(b)(1), the dates listed on the District's statement of service and cover letter (January 29, 2016), and also its own postage meter and postmark from the United States Postal Service (February 1, 2016), cannot be deemed to be the date on which the Rule 1925(b) statement was officially "filed." Instead, pursuant to Pa.R.A.P. 121(a), February 3, 2016, the date on which the District's Rule 1925(b) statement was received by the prothonotary and the trial court, is the formal date of filing for purposes of Pa.R.A.P. 1925. *See* Pa.R.A.P. 121(a) ("[F]iling shall not be timely unless the papers are received by the prothonotary within the time fixed for filing."); *Greater Erie Industrial Development Corp.*, 88 A.3d at 226 nn. 5 and 6 (explaining that the dates listed on a proof of service and the mailing date are irrelevant where the appellant fails to obtain any of the required postal forms which "could operate as the filing date."). We reiterate that it is imperative for parties who are relying on the mailing date – or proof of mailing – to be the date of formal filing to obtain one of the postal forms enunciated in Pa.R.A.P. 1925(b)(1).[6] The District did not do so here.

Nonetheless, the District contends that it had no reasonable expectation that its Rule 1925(b) statement would take approximately five days to travel from Pittsburgh, Pennsylvania, to Mercer, Pennsylvania, and requests this Court to remand the matter to the trial court so it could cure any defect and obtain *nunc pro tunc* relief.

---

[6] We do not address the situation where the appellant is incarcerated and mails a Rule 1925(b) statement. It is very likely that the "mailbox rule" would apply and the Rule 1925(b) statement would be deemed to have been filed the moment it was handed to prison officials. *See Thomas v. Elash*, 781 A.2d 170, 176 (Pa. Super. 2001) (explaining that the prisoner mailbox rule applies to all *pro se* filings by incarcerated litigants including civil matters).

(Answer to Motion to Quash, at ¶¶4,15, Wherefore clause).

The Pennsylvania Rules of Appellate Procedure provide for limited instances in which appellate courts may remand civil cases to trial courts in order to cure defects in Pa.R.A.P. 1925 practice. In relevant part, appellate courts in civil cases may remand in two circumstances related to the filing of Rule 1925(b) statements: (1) "[a]n appellate court may remand [in a civil case] for a determination as to whether a [Rule 1925(b)] Statement had been filed and/or served or timely filed and/or served;" or (2) "[u]pon application of the appellant and for good cause shown, an appellate court may remand in a civil case for the filing *nunc pro tunc* of a [Rule 1925(b)] Statement or for amendment or supplementation of a timely filed and served [Rule 1925(b)] Statement[.]" Pa.R.A.P. 1925(c)(1)-(2).

However, neither of these circumstances is applicable to this case. First, remand under Pa.R.A.P. 1925(c)(1) is unwarranted because the record is unequivocal and complete, establishing that the filing date of the District's 1925(b) statement was one day late, being received and docketed by the prothonotary and the trial court on February 3, 2016. Second, remand under Pa.R.A.P. 1925(c)(2) is also inappropriate because the District has not demonstrated any "good cause" related to its late filing that would justify *nunc pro tunc* relief. Our Supreme Court has held that alleged delays in the time in which it takes the post office to deliver mail does not constitute grounds for granting *nunc pro tunc* relief. *See Criss v. Wise*, 781 A.2d 1156, 1160 (Pa. 2001) ("[A]s delays in the U.S. mail are both foreseeable and avoidable, Appellee's failure to anticipate a potential delay in the mail was not such a non-negligent circumstance for which an appeal *nunc pro tunc* may be granted."). Therefore, in accord with clearly-established precedent, we must conclude that the District is not entitled to a remand under Pa.R.A.P. 1925(c)(1) or (2) and that the

9

District has waived all the issues it seeks to raise on appeal because its Rule 1925(b) statement was untimely filed.

As noted by the Pennsylvania Superior Court, "[o]ur application of Rule 1925(b) today may be harsh. Nevertheless, our disposition is consistent with Rule 1925(b) and decisional authority." *In re Estate of Boyle*, 77 A.3d 674, 676 (Pa. Super. 2013). Accordingly, because the District has not preserved any issue for our review, we affirm the trial court's order.

_____<br>PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Condemnation by the Mercer   :
Area School District of Mercer   :
County for Acquisition of Land for   :
School Purposes in the Borough of   :
Mercer, Being the Lands of Kevin   :
and Doreen Wright and Glenn and   :
Edith Krofcheck   :   No. 58 C.D. 2016
  :
Appeal of: Mercer Area School   :
District   :

## ***ORDER***

AND NOW, this 15th day of December, 2016, the December 16, 2015 order of the Court of Common Pleas of Mercer County is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge