# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darnell S. Jones,                              :
                              Petitioner    :
                                               :
              v.                               :    No. 1831 C.D. 2019
                                               :    Submitted: June 19, 2020
Unemployment Compensation                      :
Board of Review,                               :
                              Respondent    :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED:  December 29, 2020**


Petitioner Darnell S. Jones (Claimant) petitions, *pro se*, for review of an order of the Unemployment Compensation Board of Review (Board), which affirmed a decision by a Referee, dismissing an appeal as untimely pursuant to Section 501(e) of the Unemployment Compensation Law (Law).[1]  We now affirm the Board's order.

Claimant filed for unemployment compensation benefits following the end of his employment with PNC Bank (Employer).  (Certified Record (C.R.), Item No. 1.) The Scranton UC Service Center (Service Center) mailed a Notice of Determination

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

(Determination), denying Claimant benefits pursuant to Section 402(b) of the Law,[2] relating to voluntarily leaving work without cause of a necessitous and compelling nature. (C.R., Item No. 6.) The final date to appeal the Determination was September 6, 2019. (*Id.*) On September 13, 2019, Claimant contacted the Service Center by telephone and informed the representative that he had not received the Determination. (C.R., Item No. 1 at 1.) The Service Center representative re-mailed the Determination. (*Id.*) On September 16, 2019, Claimant appealed the Determination by email. (C.R., Item No. 7.) A Referee conducted a hearing at which Claimant and a witness for Employer, Rebecca Andree (Employer's Witness), appeared. (C.R., Item No. 10.)

At the hearing, the Referee first addressed whether Claimant filed a timely and valid appeal of the Determination. (C.R., Item No. 10 at 5.) As to the timing of the appeal, Claimant testified that he had lived at his address for more than twenty years. (*Id.* at 6.) Claimant stated that he never received the Determination and that he made multiple attempts to speak with someone at the Service Center by phone and was eventually told that his Determination would be sent to him again. (*Id.* at 5-7.) Further, Claimant explained that he had not had issues receiving mail at his residence. (*Id.* at 6.) Claimant testified that he received the copy of the re-mailed Determination on September 13, 2019. (*Id.*) When the Referee asked Claimant why he may not have received the original Determination (as opposed to the re-mailed Determination), Claimant responded: "I don't even—I don't even know because I kept calling every single day trying to get through, trying to email. I have no idea." (*Id.*) Claimant also provided testimony regarding the merits of his case.

---

[2] 43 P.S. § 802(b). Section 402(b) of the Law provides that an employee shall be ineligible for compensation for any week in which his or her unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature.

The Referee issued a decision, which dismissed Claimant's appeal as untimely pursuant to Section 501(e) of the Law. (C.R., Item No. 11.) In so doing, the Referee made the following findings of fact:

1. The Claimant established an application for unemployment compensation (UC) benefits effective July 28, 2019.

2. On August 22, 2019, the UC Service Center mailed a Notice of Determination to the Claimant's last known mailing address which ruled the Claimant ineligible for UC benefits under Section 402(b) of the . . . Law beginning with the waiting week ending August 3, 2019, based upon his separation from employment with PNC Bank (Employer).

3. The Notice of Determination described above included appeal instructions which indicated that the final day to file a timely appeal was September 6, 2019.

4. There is no indication in the hearing record that the Claimant's Notice of Determination was returned by the U.S. postal authorities as undeliverable.

5. On September 13, 2019, the Claimant contacted the UC Service Center by telephone alleging that he had not received any determination on his eligibility.

6. Later that same [d]ate, the UC Service Center mailed another copy of the above Notice of Determination to the Claimant which he received within a day or two after which the Claimant filed his appeal described below.

7. The Claimant's appeal was filed via electronic transmission ("e[]mail")[,] and the Claimant's appeal was received by the Department on September 16, 2019.

(C.R., Item No. 11 at 1-2.)

The Referee, in concluding that Claimant's appeal was untimely, reasoned:

In the present case, the competent documentary evidence of record establishes the UC Service Center mailed an adverse Notice of Determination to the Claimant's last known mailing address as described in the findings above and there is no indication in the hearing record that said Determination was returned as undeliverable. Therefore, the Determination is presumed to have been received. The Claimant's appeal contained in the certified record was untimely.

3

While the Claimant contended that he never received the Notice of Determination dated August 22, 2019, the Claimant admitted to being aware of no recent issues involving not receiving his mail and presented no competent evidence which would be sufficient to rebut his presumption of receipt in accordance with the common law mailbox rule.

As the Referee cannot conclude based upon the competent evidence contained in the hearing record that the Claimant filed an appeal on, or prior to, September 6, 2019, as the provisions of Section 501(e) of the Law are mandatory, the Referee has no jurisdiction under which to consider an appeal filed outside the fifteen-day appeal period. Further there is no competent evidence in the hearing record to establish that the Claimant was prevented from filing a timely appeal due to fraud, a breakdown in the administrative process, or due to non-negligent conduct on his part.

As such, while the Referee sympathizes with the Claimant's circumstances, the Referee has no jurisdiction in this case to consider or address the merits of the Claimant's appeal and the Referee is constrained to dismiss the Claimant's appeal as untimely under Section 501(e) of the . . . Law.

(*Id*. at 3.)

Claimant appealed to the Board, and the Board issued an order, adopting and incorporating the Referee's findings of fact and conclusions of law and affirming the Referee's decision. (C.R., Item No. 14.) Claimant now petitions this Court for review.

On appeal,[3] Claimant essentially argues that the Board erred in affirming the Referee's decision that he is not entitled to *nunc pro tunc* relief. Claimant argues that he is entitled to *nunc pro tunc* relief because he did not receive the Determination in the mail due to fraud or a breakdown in the administrative process. The Board argues that Claimant's mere assertion that he did not receive the Determination is

---

[3] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. § 704.

simply not enough to overcome the presumption of receipt and that Claimant has failed to prove fraud or a breakdown in the administrative process or non-negligent conduct which led to his late appeal.

> Section 501(e) of the Law provides:

> Unless the claimant . . . files an appeal with the [B]oard, from the determination contained in any notice required to be furnished by the department . . . within fifteen calendar days after such notice . . . was mailed to his last known post office address, and applies for a hearing, such determination of the department, with respect to the particular facts set forth in such notice, shall be final and compensation shall be paid or denied in accordance therewith.

Pennsylvania courts have consistently held that the fifteen-day appeal period under Section 501(e) is mandatory and subject to strict application. *Lin v. Unemployment Comp. Bd. of Rev.*, 735 A.2d 697, 699 (Pa. 1999). If an appeal from a local service center determination is not filed within fifteen days of mailing, the determination becomes final and the Board does not have the requisite jurisdiction to consider the matter. *Id.* "Appeal periods, even at the administrative level, are jurisdictional and may not be extended as a matter of grace or indulgence," and even an "appeal filed one day after the expiration of the statutory appeal period must be dismissed as untimely." *Dumberth v. Unemployment Comp. Bd. of Rev.*, 837 A.2d 678, 681 (Pa. Cmwlth. 2003).

Nevertheless, an untimely appeal, *i.e.*, an appeal *nunc pro tunc*, may be allowed in limited circumstances. *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). The burden to establish the right to a *nunc pro tunc* appeal, however, is a "heavy one because the statutory time limit established for appeals is mandatory." *Id.* A petitioner may only satisfy this heavy burden by demonstrating either (1) "the administrative authority engaged in

5

fraudulent behavior or manifestly wrongful or negligent conduct[;]"[4] or (2) "non-negligent conduct beyond his control caused the delay." *Id.* Thus, "[f]ailure to file an appeal within fifteen days, without an adequate excuse for the late filing, mandates dismissal of the appeal." *Id.*

If there is evidence in the record that a determination was made and mailed to the party's last known address and the determination was not returned as undeliverable, courts will presume that the determination was received. *Dull v. Unemployment Comp. Bd. of Rev.*, 955 A.2d 1077, 1079 (Pa. Cmwlth. 2008). Simply stating that a notice was not received is not a sufficient reason for extending the time for filing an appeal. *ATM Corp. of Am. v. Unemployment Comp. Bd. of Rev.*, 892 A.2d 859, 864 (Pa. Cmwlth. 2006). In *Douglas v. Unemployment Compensation Board of Review*, 151 A.3d 1188, 1192 (Pa. Cmwlth. 2016), we explained:

> [There are] two component presumptions, both rebuttable, that arise when a party challenges a public official's claim to have placed an order in the mail: (1) the presumption of the regularity of the acts of public officials (which is used to establish that a public official placed an item into the mail); and (2) the presumption of receipt (*i.e.*, that a properly mailed letter to the last known address of the addressee which is not returned undelivered by the postal authorities was timely received by the addressee—*i.e.*, the mailbox rule). . . . [T]he two presumptions are applied separately[,] and . . . there must be some evidence to support the first presumption before the second presumption may be applied. *Id.* In other words, "the presumption of receipt is 'inapplicable' in the absence of proof that the notice was mailed. '[U]ntil there is proof that a letter was mailed, there can be no presumption that it was received.'"

*Douglas*, 151 A.3d at 1192 (citations omitted) (alterations added and in original).

---

[4] A so-called "administrative breakdown" occurs where the "administrative board or body is negligent, acts improperly or unintentionally misleads a party." *Duhigg v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 1, 4 (Pa. Cmwlth. 2017).

The record indicates that the Determination was mailed on August 22, 2019. (C.R., Item Nos. 1, 6.) The Board cites to two entries in the claim record, titled "IE 402B V/Q HLTH W/CAUSE CLMNT, PNC" and "DET=IE 402B V/Q HLTH W/O CAUSE WWR 190803 CLMNT, PNC" to show that the Determination was mailed out on August 22, 2019. (C.R., Item No. 1 at 1, 3.) Claimant does not dispute the Board's reliance on these entries in the record showing the Service Center did mail the Determination on August 22, 2019. Rather, Claimant insists that he "called numerous times" before reaching a Service Center representative. (Claimant's Brief at 9.) The record only reflects, however, that Claimant contacted the Service Center on September 13, 2019. (C.R., Item No. 1.) Claimant did not offer any evidence at the hearing that he contacted or attempted to contact the Service Center prior to September 6, 2019—the deadline for filing the appeal. It is also important to note that Claimant did not argue that the Department never sent the Determination. When the Referee asked Claimant why he did not receive the Determination, Claimant simply said he did not know. (C.R., Item No. 10 at 6-7.) When asked if he received the re-mailed Determination, he stated he did. (*Id*. at 7.) Claimant testified that he had lived at his address for more than twenty years, and there is no record indicating that the Determination was returned as undeliverable. (C.R., Item Nos. 6, 10 at 6-7.)

Based upon the above, the evidence in the record demonstrates that the Service Center mailed the Determination to Claimant's last known address, the Determination was not returned as undeliverable, and Claimant has not offered any evidence to overcome the presumption of regularity of the acts of public officials, nor does he dispute the evidence establishing that the Determination was mailed on

7

August 22, 2019.[5]  Thus, there is a presumption that Claimant received the Determination.  *See Dull.*

Claimant has not argued in his brief or testified to any indication that fraud, administrative breakdown, or some other non-negligent conduct beyond his control caused the delay.  Claimant did not assert that some irregularity in the mail caused non-receipt, nor has Claimant shown any evidence indicating that the Department simply did not mail the Determination or cause it to not be delivered in some way.  Claimant has also not shown any recent problems with receipt of his mail.  Claimant's mere assertion that he did not receive the Determination is not enough to overcome the heavy burden establishing a right to *nunc pro tunc* relief.  *See Hessou.*  Claimant's appeal by email on September 16, 2019, therefore, was untimely, and the Board did not err in affirming the Referee's decision.

Accordingly, the order of the Board is affirmed.[6]

 

P. KEVIN BROBSON, Judge

---

[5] The presumption that the notice was mailed is satisfied by some indication that the act had been performed, such as "a notation to that effect made by a local bureau official" that the letter had been deposited in the mail.  *Mileski v. Unemployment Comp. Bd. of Rev.*, 379 A.2d at 643, 645 (Pa. Cmwlth. 1977).

[6] We do not reach Claimant's argument on the merits of the appeal, because Claimant failed to prove he is entitled to *nunc pro tunc* relief.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darnell S. Jones,              :
          Petitioner    :
                    :
     v.                :   No. 1831 C.D. 2019
                    :
Unemployment Compensation   :
Board of Review,           :
          Respondent  :

## **O R D E R**

AND NOW, this 29th day of December, 2020, the order of the Unemployment Compensation Board of Review is AFFIRMED.

 

                                     
P. KEVIN BROBSON, Judge