OPINION BY NICHOLS, J.:
Appellant American Interior Construction & Blinds, Inc. (AICB), appeals from the order sustaining the preliminary objections in the nature of a demurrer filed by Appellee Benjamin's Desk, LLC, also known as and doing business as Benjamin's Desk. AICB contends that the court erred by concluding that the notice of the intent to lien under the Mechanics' Lien Law of 1963[1] could not be served by a FedEx courier.[2] We reverse.
We state the facts as set forth in AICB's pleadings.[3] Benjamin's Desk had retained Brass Castle Building Co., LLC (Brass), as the general contractor for constructing office space improvements. Brass, in turn, retained AICB as a subcontractor. AICB
*511 completed its work in December of 2016. Mechanics' Lien Cl. of AICB, 5/2/17, at ¶ 8.
According to AICB, Brass failed to pay AICB in full and owes $ 89,111.19 to AICB. AICB, therefore, purported to serve Benjamin's Desk a notice of its intent to file a mechanics' lien against Benjamin's Desk. Id. at ¶ 11. AICB used FedEx, a private courier/delivery service, which delivered AICB's notice on March 21, 2017, when it was signed by "C. Lee". Ex. B to AICB's Compl. to Obtain J. Upon Mechanics' Lien Cl., 6/12/17. On June 2, 2017, AICB filed its complaint to enforce the March 21, 2017 lien claim.
On July 5, 2017, Benjamin's Desk filed preliminary objections in the nature of a demurrer. Essentially, Benjamin's Desk alleged that AICB failed to comply with the service-of-notice requirements of the Mechanics' Lien Law.[4] AICB filed a response, which objected in pertinent part as follows:
32. Denied. The averment in this Paragraph is a conclusion of law to which no response is required. By [way] of further answer and defense, [AICB] does not claim that service by Federal Express is the same as service by U.S. mail (first class, registered or certified). Rather, personal service of the Formal Notice on Benjamin's Desk within Philadelphia County by a Federal Express courier is personal service by an adult in the same manner as a writ of summons in assumpsit. This is a method of service of a formal notice that is expressly permitted by Section 1501(d) of the Lien Law.
AICB's Resp. to Benjamin's Desk's Prelim. Objs., 7/25/17, at ¶ 32.
On September 21, 2017, the court sustained the preliminary objections and struck AICB's complaint for lack of proper notice. Order, 9/21/17.[5] AICB timely appealed. The court did not order AICB to comply with Pa.R.A.P. 1925(a), but filed a responsive opinion asserting that a private postmark is not equivalent to a United States Postal Service postmark. Pa.R.A.P. 1925(b) Op., 4/26/18, at 1 n.2 (citing Lin v. Employment Comp. Bd. of Rev. , 558 Pa. 94, 735 A.2d 697, 698 (1999) ).
AICB raises five issues on appeal:
[1.] Should this court reverse the trial court's order even though the reasons for many of the trial court's apparent determinations do not appear in the trial court's opinion or elsewhere in the record?
[2.] Did the trial court err in finding that AICB did not properly serve Benjamin's Desk with the formal notice by any one of the multiple methods of service authorized by the lien law.
[3.] Did a determination of whether service of the formal notice on Benjamin's Desk by a Federal Express courier with the First Judicial District constituted service by an adult in the same manner as a writ of summons involve facts dehors the record requiring the preliminary objections to be overruled?
[4.] Did the trial court err to the extent it held that the lien law required: (1) AICB to file an affidavit of service with respect to its formal notice either before, after, or concurrent with the filing of its lien claim and/or (2) AICB to allege in its lien claim or its complaint the method by which it served its formal notice on Benjamin's Desk?
[5.] Did the trial court err because Benjamin's Desk's right to relief was not clear or free from doubt where Benjamin's Desk failed to demonstrate in its *512 preliminary objections that AICB had failed to effect service of the formal notice on Benjamin's Desk by any one of the methods of service permitted by the lien law.
[6.] Was the trial court's striking of the complaint without leave to amend an error of law and abuse of discretion?
AICB's Brief at 2-4.[6]
AICB essentially argues that it served Benjamin's Desk via a competent adult. Id. at 29. It contends that a "competent adult" includes a courier employed by United Parcel Service or FedEx. Id. at 30. AICB insists that service of the formal notice by a FedEx courier complied with the procedures for service of a writ of summons in assumpsit. Id. at 31.
The standard of review follows:
Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.
Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.
Khawaja , 151 A.3d at 630 (citation omitted).
Because AICB's issues pertain to the interpretation of the Mechanics' Lien Law, we set forth the applicable law addressing statutory construction:
The Statutory Construction Act, 1 Pa.C.S. §§ 1901 - 1991, sets forth principles of statutory construction to guide a court's efforts with respect to statutory interpretation. In so doing, however, the Act expressly limits the use of its construction principles. The purpose of statutory interpretation is to ascertain the General Assembly's intent and to give it effect. In discerning that intent, courts first look to the language of the statute itself. If the language of the statute clearly and unambiguously sets forth the legislative intent, it is the duty of the court to apply that intent and not look beyond the statutory language to ascertain its meaning. Courts may apply the rules of statutory construction only when the statutory language is not explicit or is ambiguous.
... We must read all sections of a statute together and in conjunction with each other, construing them with reference to the entire statute. When construing one section of a statute, courts must read that section not by itself, but with reference to, and in light of, the other sections. Statutory language must be read in context, together and in conjunction with the remaining statutory language.
Every statute shall be construed, if possible, to give effect to all its provisions. We presume the legislature did not intend *513 a result that is absurd, impossible, or unreasonable, and that it intends the entire statute to be effective and certain. When evaluating the interplay of several statutory provisions, we recognize that statutes that relate to the same class of persons are in pari materia and should be construed together, if possible, as one statute.
Also, when interpreting a statute we must listen attentively to what the statute says, but also to what it does not say.
Retina Assocs. of Greater Phila., Ltd. v. Retinovitreous Assocs., Ltd. , 176 A.3d 263, 270 (Pa. Super. 2017) (citations and internal quotation marks omitted).
Section 1501(d) of the Mechanics' Lien Law follows:
(d) Service of notice. The notice provided by this section may be served by first class, registered or certified mail on the owner or his agent or by an adult in the same manner as a writ of summons in assumpsit , or if service cannot be so made then by posting upon a conspicuous public part of the improvement.
49 P.S. § 1501(d) (emphasis added).
The Pennsylvania Rules of Civil Procedure addresses service of a writ of summons, which is original process. See Pa.R.C.P. 1007 ; Devine v. Hutt , 863 A.2d 1160, 1171 (Pa. Super. 2004). Pennsylvania Rule of Civil Procedure 410 states in pertinent part that in "actions involving title to, interest in, possession of, or charges or liens upon real property, original process shall be served upon the defendant in the manner provided by Rule 400 et seq. " Pa.R.C.P. 410(a).
In relevant part, Pennsylvania Rule of Civil Procedure 400.1 governs service of original process for actions commenced in Philadelphia:
(a) In an action commenced in the First Judicial District, original process may be served
(1) within the county by the sheriff or a competent adult, or (2) in any other county by deputized service as provided by Rule 400(d) or by a competent adult forwarding the process to the sheriff of the county where service may be made.
Pa.R.C.P. 400.1(a)(1)-(2). A " 'competent adult' means an individual eighteen years of age or older who is neither a party to the action nor an employee or a relative of a party." Pa.R.C.P. 76. Pennsylvania Rule of Civil Procedure 402 discusses the manner of service: "(a) Original process may be served ... (2) by handing a copy ... (iii) at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof." Pa.R.C.P. 402(a)(2)(iii).
In McCreesh v. City of Phila. , 585 Pa. 211, 888 A.2d 664 (2005), the plaintiff filed a timely praecipe to issue a writ of summons against Philadelphia. McCreesh , 888 A.2d at 666. The plaintiff mailed the writ of summons via certified mail to Philadelphia's Law Department. Id. Both parties agreed "that a United States Postal Service employee delivered the package containing Writ 1, and that a receptionist at the Law Department signed for the package on August 13, 2002." Id. In pertinent part, Philadelphia filed preliminary objections asserting "that delivery of [the writ] by certified mail in August 2002 did not comply with Pa.R.C.P. 400.1, which requires original process in actions commenced in Philadelphia to be served by either the sheriff or a competent adult ...." Id. at 667. The trial court overruled the preliminary objections, and Philadelphia obtained permission to appeal to the Pennsylvania Commonwealth Court. Id. at 668. The Commonwealth Court reversed the trial court, because, among other reasons, *514 the plaintiff's "attempt at service did not comply with relevant rules relating to service of process ...." Id. at 669.
The Pennsylvania Supreme Court granted review to resolve inconsistent holdings by the intermediate appellate courts, which "sometimes dismiss[ed] cases due to plaintiffs' failure to comply strictly with the Rules of Civil Procedure and on other occasions reserving the drastic measure of dismissal for only those cases where the defendant has been prejudiced by plaintiff's failure to comply with the rules." Id. at 673 (citations omitted). After reviewing the conflicting caselaw, the McCreesh Court held that the Commonwealth Court's holding was
incompatible with the plain language of Rule 401, the spirit of Lamp [v. Heyman , 469 Pa. 465, 366 A.2d 882 (1976) ], and the admonition of Rule 126 to construe liberally the rules of procedure so long as the deviation does not affect the substantial rights of the parties. In Lamp , we sought to alleviate the hardships caused by plaintiffs who exploited the rules of civil procedure to make an end run around the statutes of limitations.
Neither our cases nor our rules contemplate punishing a plaintiff for technical missteps where he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice. Therefore, we embrace the logic of the Leidich [v. Franklin , 394 Pa.Super. 302, 575 A.2d 914 (Pa. Super. 1990) ] line of cases, which, applying Lamp , would dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant.
Id. at 674 (footnote omitted).
In Lin , the Pennsylvania Supreme Court addressed the timeliness of an appeal from an order denying unemployment compensation when the envelope containing the notice of appeal bore a private postage mark and not a United States Postal Service postmark. See Lin , 735 A.2d at 698. The Lin Court held that because the "date on a private postage meter can be readily changed to any date by the user," it "lack[ed] the inherent reliability of the official United States postmark." Id. (footnote omitted). The Lin Court therefore held that because "a United States postmark is necessary for a determination of the timeliness of an appeal," the appeal was properly dismissed as untimely. Id. (emphasis added).
Instantly, this case is quite similar to McCreesh . AICB, like the plaintiff in McCreesh , did not use a sheriff for original process and elected to mail original process, i.e. , the formal notice of an intent to file a mechanics' lien, to Benjamin's Desk. See McCreesh , 888 A.2d at 666. AICB opted for a FedEx courier, somewhat similar to the McCreesh plaintiff's decision to have original process delivered by United States Postal Service certified mail. See id. Benjamin's Desk, identical to the McCreesh defendant, filed preliminary objections asserting a failure to comply with the service-of-notice provisions. See id. at 667. The instant trial court, like the Commonwealth Court in McCreesh , held that AICB did not comply with the rules governing service of original process. See id. at 669. We are bound by the Pennsylvania's Supreme Court's holding that technical noncompliance with the Rule of Civil Procedures for service of original process may be excused absent "intent to stall the judicial machinery" or actual prejudice. See id. at 674. Even if AICB failed to comply with the service requirements for original process, Benjamin's *515 Desk received actual notice. Cf. id. No party has alleged an intent to stall or actual prejudice.
We add that Lin , the case the trial court relied on, is distinguishable. First, the issue in Lin was the validity of a postmark from a private postage meter, which is distinct from the validity of delivery by a private mail carrier. See McCreesh , 888 A.2d at 666 ; Lin , 735 A.2d at 700. Second, the timeliness of a notice of appeal-the issue in Lin -is different from service of original process. Compare Lin , 735 A.2d at 700, with McCreesh , 888 A.2d at 666. Because the trial court committed an error of law, and there were no other grounds raised for a demurrer, we reverse the order below and remand for further proceedings. See Khawaja , 151 A.3d at 630.
Order reversed. Case remanded. Jurisdiction relinquished.

49 P.S. §§ 1101 -1902.

The parties and the trial court refer to FedEx by its original corporate name, Federal Express.

We accept as true the material facts alleged in the complaint. See Khawaja v. RE/MAX Cent. , 151 A.3d 626, 630 (Pa. Super. 2016).

Benjamin's Desk only raised this basis for a demurrer. See Prelim. Objs., 7/5/17, at 6-7.

The order was docketed on September 21, 2017.

All six issues are essentially identical. "Appellate advocacy is measured by effectiveness, not loquaciousness." Carmen Enters., Inc. v. Murpenter, LLC , 185 A.3d 380, 388 (Pa. Super. 2018) (citation omitted).