**IN THE SUPREME COURT OF PENNSYLVANIA
EASTERN DISTRICT**

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| RHASHEENA GUSSOM, | : | No. 12 EAP 2020 |
| | : | |
| Appellant | : | Appeal from the Judgment of |
| | : | Superior Court entered on 9/26/2019 |
| | : | at No. 3245 EDA 2018 affirming the |
| v. | : | Order entered on 10/3/2018 in the |
| | : | Court of Common Pleas, |
| | : | Philadelphia County, Civil Division, |
| MAURICE TEAGLE, | : | at No. 3821 April Term, 2018. |
| | : | |
| Appellee | : | ARGUED: September 16, 2020 |

**OPINION**

**JUSTICE BAER**                                     **DECIDED: March 25, 2021**

### I. Introduction

The Pennsylvania Rules of Civil Procedure ("Rules") allow a plaintiff to commence a civil action by filing either a *praecipe* for a writ of summons or a complaint. Pa.R.C.P. 1007. The Rules require a plaintiff to serve the defendant with original process within 30 days after the issuance of a writ or the filing of a complaint. Pa.R.C.P. 401(a). If the plaintiff does not effectuate service within that time period, she can *praecipe* for reissuance of the writ or reinstatement of the complaint. Pa.R.C.P. 401(b)(1). So long as the plaintiff files her writ or complaint before the expiration of the statute of limitations applicable to her cause of action, the original filing, as well as any subsequent reissuances or reinstatements, tolls the statute of limitations.

"In the seminal case of *Lamp v. Heyman*, 366 A.2d 882 (Pa. 1976), this Court sought to end abuses of process by plaintiffs who tolled the statute of limitations by filing a writ of summons, had the writ repeatedly reissued, and deliberately failed to notify the

defendant of the pending litigation." *McCreesh v. City of Philadelphia*, 888 A.2d 664, 665 (Pa. 2005). "This process, while technically compliant with the Rules of Civil Procedure, nonetheless defeated the purpose of the statute of limitations, which is to protect defendants from stale claims." *Id.* Thus, in *Lamp*, this Court held that "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Lamp*, 366 A.2d at 889. This "*Lamp* rule" applies equally to actions commenced by way of the filing of a complaint.

We refined the *Lamp* rule in *Farinacci v. Beaver County Industrial Development Authority*, 511 A.2d 757, 759 (Pa. 1986), holding that "*Lamp* requires of plaintiffs a good-faith effort to effectuate notice of commencement of the action." In addition, *Farinacci* clarified that: (1) the plaintiff carries an evidentiary burden of proving that she made a good-faith effort to ensure that notice of the commencement of an action was served on the defendant, *McCreesh*, 888 A.2d at 672; and (2) "[i]n each case, where noncompliance with *Lamp* is alleged, the [trial] court must determine in its sound discretion whether a good-faith effort to effectuate notice was made[,]" *Farinacci*, 511 A.2d at 759.

This Court's most recent decision in the *Lamp*-line of cases is *McCreesh*, *supra*. In *McCreesh*, the Court expressed that when plaintiffs' improper actions in serving original process put defendants on actual notice of the commencement of actions, trial courts should "dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant." *McCreesh*, 888 A.2d at 674.

In the present matter, the Superior Court affirmed a trial court order that dismissed a plaintiff's complaint based upon the plaintiff's failure to serve timely her complaint upon the defendant despite the fact that the plaintiff's actions did not amount to intentional conduct. This Court granted allowance of appeal to address whether the Superior Court's

decision conflicts with *Lamp* and its progeny. For the reasons that follow, we answer this question in the negative. More specifically, consistent with the Superior Court's decision, we hold that a trial court has the discretion to dismiss a complaint when a plaintiff fails to offer proof that she diligently attempted to serve process on a defendant in a timely manner and there is no evidence to indicate that the defendant had actual notice of the commencement of the action in the relevant time frame, regardless of whether the plaintiff acted or failed to act intentionally. Because the Superior Court reached the correct result in this matter, we affirm that court's judgment.

## II. Background of the current appeal

On July 25, 2016, Appellant Rhasheena Gussom ("Plaintiff") and Appellee Maurice Teagle ("Defendant") were involved in a motor vehicle accident. On April 26, 2018, Plaintiff filed a complaint against Defendant in the trial court. In her complaint, Plaintiff claimed that Defendant negligently caused the accident and that she suffered injuries as a result of the accident. Notably, Plaintiff filed her complaint within the two-year statute of limitations for negligence actions. *See* 42 Pa.C.S. § 5524(2) (setting a two-year statute of limitations for an "action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another").

On May 9, 2018, Plaintiff filed an affidavit of non-service in the trial court. According to the affidavit, on May 4, 2018, Plaintiff attempted to serve the complaint on Defendant at an address in Philadelphia, but learned from the owners of the home that Defendant had sold the house a year-and-a-half earlier and moved to Virginia. On August 13, 2018, counsel entered an appearance for Defendant.[1] On August 22, 2018, *i.e.*,

---

[1] The record does not reflect what prompted counsel to enter an appearance for Defendant.

nearly a month after the statute of limitations would have expired but for the filing of the complaint, Plaintiff filed a *praecipe* to reinstate her complaint.

On September 10, 2018, Defendant filed preliminary objections, claiming, *inter alia*, that the trial court should dismiss Plaintiff's complaint because she failed to serve it properly. Preliminary Objections, 9/10/2018, at ¶12 (citing Pa.R.C.P. 1028(a)(1) (permitting a defendant to file a preliminary objection on the ground that the plaintiff improperly served a complaint)). In support of his objection, Defendant observed that: (1) "Pennsylvania law demands that Plaintiffs in a civil action, upon filing of original process, refrain from a course of conduct which serves to stall in its tracks the legal machinery they have just set into motion[,]" *id.* at ¶16 (citing, among other cases, *McCreesh*, *supra*); and (2) "[i]t is the plaintiff's burden to demonstrate that his efforts were reasonable[,]" *id.* at ¶19 (citing *Bigansky v. Thomas Jefferson University Hosp.*, 658 A.2d 423, 433 (Pa. Super. 1995)). Defendant acknowledged that Plaintiff attempted to serve the complaint on May 4, 2018, but he nonetheless averred that "Plaintiff utterly failed to make any semblance of good-faith efforts" to serve the complaint. *Id.* at ¶20. Plaintiff did not file a response to the preliminary objections or otherwise attempt to prove that she made a good-faith effort to serve the complaint in a timely manner; rather, on September 28, 2018, Plaintiff again filed a *praecipe* to reinstate her complaint.

On October 3, 2018, the trial court entered an order sustaining Defendant's preliminary objection and dismissing Plaintiff's complaint with prejudice due to her failure to make good-faith efforts to serve the complaint on Defendant. Plaintiff subsequently filed a motion asking the trial court to reconsider its order. In that motion, Plaintiff stated that, on August 22, 2018, she sent the complaint *via* certified mail to an address in Virginia, but the mail went unclaimed. Plaintiff further asserted that, after this failed attempt at service, she believed that she had located Defendant in Philadelphia; she, therefore, reinstated the complaint on September 28, 2018. Plaintiff explained that her

counsel "inadvertently failed to file a response" to Defendant's preliminary objections based upon counsel's misreading of the objections. Motion for Reconsideration, 10/5/2018, at ¶5. Plaintiff requested that the court reconsider its order dismissing her complaint because she, in fact, made good-faith efforts to serve the complaint. The trial court denied Plaintiff's motion for reconsideration,[2] and Plaintiff appealed that order to the Superior Court.

Plaintiff subsequently filed a concise statement of errors complained of on appeal, wherein she gave notice that she intended to argue to the Superior Court, *inter alia*, that the trial court erred by sustaining Defendant's preliminary objection on the basis that Plaintiff failed to make a good-faith effort to serve her complaint on Defendant. In response, the trial court authored an opinion in support of its order.

In its opinion, the trial court explained that, after a complaint is filed, the statute of limitations is tolled only if the plaintiff makes a good-faith effort to effectuate service. Trial Court Opinion, 1/3/2019, at 3 (quoting *Englert v. Fazio Mechanical Services, Inc.*, 932 A.2d 122, 124 (Pa. Super. 2007)). The court further observed that the "Superior Court has held that unintentional conduct or 'simple neglect and mistake' to effect service is sufficient to demonstrate a plaintiff's lack of good faith." *Id.* (quoting *Devine v. Hutt*, 863 A.2d 1160, 1168 (Pa. Super. 2004)).

Applying these concepts to the matter *sub judice*, the trial court observed that Plaintiff filed her complaint on April 26, 2018, within the prescribed two-year statute of limitations, and then attempted to serve Defendant in Philadelphia, to no avail, in May of 2018. The court, however, stated that Plaintiff filed nothing else until the August 22, 2018, when she filed a *praecipe* to reinstate the complaint, which, the court noted, was two years and 28 days after the parties' motor vehicle accident. *Id.* at 4. The court also

---

[2] "A motion for reconsideration is addressed to the sound discretion of the trial court[.]" *Moore v. Moore*, 634 A.2d 163, 166 (Pa. 1993).

acknowledged that Plaintiff again reinstated her complaint on September 28, 2018, *i.e.*, after Defendant filed his preliminary objections; yet, the court highlighted, Plaintiff provided "no evidence of good faith investigation to locate, or any practical effort to serve," Defendant. *Id.* at 5; *see id.* (explaining that Plaintiff "did not make any good-faith effort to locate or serve [Defendant] at any other address in Philadelphia or Virginia prior to the July 25, 2018, statute of limitations"). The court opined that Plaintiff's inaction in this regard evinced an intent to stall the judicial machinery.

In closing, the trial court recounted that Plaintiff failed to respond to Defendant's preliminary objections but nonetheless managed to file an additional *praecipe* to reinstate her complaint after Defendant filed his objections. The court suggested that the contradiction between Plaintiff's failure to respond to the objections and her willingness to file yet another *praecipe* to reinstate her complaint, as well as her refusal to "mount a good faith investigation; make practical efforts at service; or file a Motion for Alternative service prior to the July 25, 2018 statute of limitations is, at best, inaction, and at worst, *prima facie* evidence of bad faith." *Id.* at 5. Because the court believed that Plaintiff wasted her ample opportunities to serve the complaint on Defendant, the court asserted that it properly sustained Defendant's preliminary objection and dismissed Plaintiff's complaint.[3]

On appeal, Plaintiff argued that the trial court erred in finding that she failed to prove that she made a good-faith effort to serve Defendant with the complaint. A majority of a three-judge panel of the Superior Court disagreed with Plaintiff and affirmed the trial court's order in an unpublished memorandum ("Memorandum"). In so doing, the court stated that a defendant may file a preliminary objection on the basis that the plaintiff failed

---

[3] In addition, the trial court rejected Plaintiff's claim that it erred by denying her motion for reconsideration. The court noted that, in her motion, Plaintiff failed to offer any new evidence or facts that would have established that she made a good-faith effort to serve the complaint on Defendant before the expiration of the statute of limitations.

to serve the complaint properly. Memorandum at 5 (citing Pa.R.C.P. 1028). The court explained that, when a defendant lodges such an objection, he must support it with evidence; after presenting evidence, the burden of proof shifts to the plaintiff. *Id.* (quoting *Trexler v. McDonald's Corp.*, 118 A.3d 408, 412 (Pa. Super. 2015)).

The Superior Court then summarized this Court's decisions in *Lamp* and *McCreesh*. In the course of providing this summary, the court noted that, in *McCreesh*, this Court held that trial courts should "dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant." Memorandum at 6 (quoting *American Interior Const. & Blinds Inc. v. Benjamin's Desk, LLC*, 206 A.3d 509, 513-14 (Pa. Super. 2019)). The court further noted that the burden is on the plaintiff to make a good-faith effort to effectuate service of a complaint. *Id.* In addition, the court observed that: (1) trial courts should assess what constitutes a good-faith effort on a case-by-case basis, *id.* at 7 (relying on *Englert*, 932 A.2d at 124-25); and (2) because Defendant filed verified preliminary objections on the basis that Plaintiff failed to serve properly her complaint, "the burden shifted to [Plaintiff] to establish that she made a good faith, reasonable effort to effectuate service[,]" *id.* at 8 (citing, *inter alia*, *McCreesh*, 888 A.2d at 672).

The Superior Court then recounted the circumstances of the present matter. The court acknowledged that Plaintiff filed an affidavit of non-service on May 9, 2018, wherein Plaintiff suggested that Defendant moved to Virginia. Yet, the court reported, the trial court's docket reflects no activity by Plaintiff between May 9th and August 22nd of 2018, when Plaintiff simply filed a *praecipe* to reinstate her complaint. The court asserted that Plaintiff did not: (1) identify any good-faith efforts that she made to locate and serve Defendant in that timeframe; (2) file a motion for alternative service; or (3) file a response

to Defendant's preliminary objection challenging Defendant's allegation that Plaintiff failed to serve properly her complaint.

After summarizing the averments that Plaintiff made in her motion for reconsideration, the Superior Court stated, "In sum, as the trial court observed, [Plaintiff] did not allege, let alone provide, any evidence of a good faith investigation to locate, or any practical efforts to serve, [Defendant]." Memorandum at 9 (internal quotation marks and citation omitted). Again citing to this Court's decision in *McCreesh*, the Superior Court concluded that, given that Plaintiff carried the burden in the trial court to establish that she acted in good faith, the trial court did not abuse its discretion by sustaining Defendant's preliminary objection for lack of service. *Id.*

Senior Judge Strassburger authored a dissenting memorandum ("Dissenting Memorandum"). The dissent took the position that the factual circumstances underlying this matter do not support the trial court's decision to dismiss Plaintiff's complaint. Dissenting Memorandum at 4. Although the dissent recognized that Plaintiff waited four months from when she filed the complaint to file her first *praecipe* to reinstate the complaint, it opined that "there is no evidence that she did so with 'an intent to stall the judicial machinery.'" *Id.* at 4-5 (quoting *McCreesh*, *supra*). The dissent also asserted that Defendant has not demonstrated that Plaintiff's conduct prejudiced him. *Id.* at 5.

The dissent further maintained that the Superior Court majority inappropriately punished Plaintiff for what amounts to simple neglect. In the dissent's view, a plaintiff's unintentional conduct that delays notice to the defendant does not meet the threshold for dismissal outlined in *Lamp* and *McCreesh*. The dissent ultimately concluded that Plaintiff "satisfied the statute of limitations by timely filing her complaint, and did not act with an intent to stall the judicial machinery or prejudice [Defendant]." *Id.* at 5-6. According to the dissenting judge, because Plaintiff attempted to serve Defendant with the complaint three times within two months of filing it, he would have reversed the trial court's order

sustaining Defendant's preliminary objections and dismissing Plaintiff's complaint. *Id.* at 6.

### III. Issue

Plaintiff filed a petition for allowance of appeal, which this Court granted to consider the following question: "Did the Superior Court err in holding that the Plaintiff did not make a good-faith effort to serve the Defendant, when the Superior Court's decision conflicts with holdings of the Pennsylvania Supreme Court on the same legal issue?"[4] *Gussom v. Teagle*, 228 A.3d 255, 256 (Pa. 2020) (table).

### IV. Parties' arguments

Plaintiff asserts that *Lamp* holds that a plaintiff must make a good-faith effort to effectuate notice of the commencement of the action so as to avoid allowing the plaintiff exclusive control over it for a period in excess of the statute of limitations. Plaintiff contends, however, that after this Court decided *Lamp*, panels of the Superior and Commonwealth Courts took divergent approaches to *Lamp*'s good-faith requirement.

More specifically, Plaintiff observes that some intermediate court decisions mandated strict compliance with the Rules of Civil Procedure to satisfy the good-faith requirement, while other opinions "took a more flexible approach, and excused plaintiff's defective service where the defendant has actual notice of the commencement of the action and is not otherwise prejudiced." Plaintiff's Brief at 15. Plaintiff then explains that this Court granted allowance of appeal in *McCreesh* to rectify these discrepancies.

Plaintiff notes that, in *McCreesh*, this Court sided with the intermediate court decisions that required a good-faith inquiry to satisfy the plain language of Pa.R.C.P. 401, *i.e.*, the Rule that governs the timing requirements regarding the service of original

---

[4] This issue primarily presents a question of law. "Accordingly, our scope of review is plenary, and our standard of review is *de novo*." *In re Grand Jury Investigation No. 18*, 224 A.3d 326, 332 (Pa. 2020) (footnote omitted).

process.[5]  In Plaintiff's view, *McCreesh* holds that courts should dismiss complaints when service of process was defective only if plaintiffs "have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant."  *McCreesh*, 888 A.2d at 674.  Plaintiff, however, suggests that "this Court has not directly addressed precisely what constitutes a good-faith effort, nor has the Court delineated what it means for a plaintiff to act with an intent to stall the judicial machinery."  Plaintiff's Brief at 16.

---

[5] Rule 401 provides as follows:

> (a) Original process shall be served within the Commonwealth within 30 days after the issuance of the writ or the filing of the complaint.
>
> Note: *See* Rule 404 for the time for service outside the Commonwealth.
>
> (b)(1) If service within the Commonwealth is not made within the time prescribed by subdivision (a) of this rule or outside the Commonwealth within the time prescribed by Rule 404, the prothonotary upon praecipe and upon presentation of the original process, shall continue its validity by reissuing the writ or reinstating the complaint, by writing thereon "reissued" in the case of a writ or "reinstated" in the case of a complaint.
>
> (2) A writ may be reissued or a complaint reinstated at any time and any number of times. A new party defendant may be named in a reissued writ or a reinstated complaint.
>
> (3) A substituted writ may be issued or a substituted complaint filed upon praecipe stating that the former writ or complaint has been lost or destroyed.
>
> (4) A reissued, reinstated, or substituted writ or complaint shall be served within the applicable time prescribed by subdivision (a) of this rule or by Rule 404 after reissuance, reinstatement, or substitution.
>
> (5) If an action is commenced by writ of summons and a complaint is thereafter filed, the plaintiff, instead of reissuing the writ, may treat the complaint as alternative original process and as the equivalent for all purposes of a reissued writ, reissued as of the date of the filing of the complaint. Thereafter the writ may be reissued, or the complaint may be reinstated as the equivalent of a reissuance of the writ, and the plaintiff may use either the reissued writ or the reinstated complaint as alternative original process.

Pa.R.C.P. 401.

According to Plaintiff, this gap in the law has led to the intermediate courts again rendering inconsistent decisions regarding the requisites of Rule 401, which, in turn, has resulted in case law that "insist[s] on a non-mechanical approach to what constitutes good-faith, but find[s] that neglect or mistake, or any other unintentional conduct on the part of the plaintiff constitutes a lack of good-faith." Plaintiff's Brief at 17 (citing as examples *Englert* and *Devine, supra*); *see id.* ("The cases of *Englert* and *Devine*, serve to undermine the holdings of the *McCreesh* court, as they provide for the dismissal of claims for neglect, or mistake, and require neither a showing of intent to stall the judicial machinery, nor a showing that the defendant was prejudiced by the improper service."). Plaintiff avers that these decisions cannot stand in light of *Lamp* and its progeny and that, in affirming the trial court's order in this matter, the Superior Court erroneously relied upon *Englert* and *Devine.* Indeed, Plaintiff suggests that mistake or other unintentional conduct cannot rise to the level of the inappropriate intentional behavior contemplated by *McCreesh*.

Next, Plaintiff asserts that, when the facts of this case are analyzed under *Lamp* and its progeny, it is obvious that she made a good-faith effort to serve her complaint on Defendant. Plaintiff's Brief at 19. Plaintiff contends that the standard set forth in *McCreesh* is clear: In cases, such as the present matter, "where there is technical noncompliance with the Rules of Civil Procedure, those technical missteps can be excused, unless there is a demonstrable 'intent to stall the judicial machinery' or actual prejudice to the defendant." *Id.* at 20 (quoting *McCreesh*, 888 A.2d at 674).

Plaintiff submits that her actions in this case do not evince an intent to stall the judicial machinery and that those actions did not prejudice Defendant; thus, she acted in good faith in attempting to serve Defendant. *Id.* at 22. In support of this position, Plaintiff recounts the circumstances underlying this matter by relying, in part, on averments that she made in her motion for reconsideration: (1) she filed her complaint on April 26, 2018;

(2) Plaintiff attempted service in early May of 2018 at Defendant's last known address in Philadelphia, but the new owners of the home stated that Defendant had moved to Virginia; (3) Plaintiff promptly filed an affidavit of non-service and attempted to locate Defendant in Virginia; (4) on August 22, 2018, Plaintiff believed that she discovered that Defendant lived in Waynesboro, Virginia, resulting in her filing a *praecipe* to reinstate the complaint; (5) the reinstated complaint was served *via* certified mail to the Virginia address, but the complaint went unclaimed; (6) after learning that service in Virginia had failed and believing that she had again located Defendant in Philadelphia, Plaintiff reinstated the complaint and served it on Defendant's father on September 29, 2018; and (7) the affidavit of service was docketed on October 10, 2018. Plaintiff's Brief at 22-25. Although Plaintiff concedes that there was a delay between her initial and last attempts to serve the complaint, she contends that she never intended to stall the judicial machinery, that Defendant was not prejudiced, and that she, therefore, acted in good faith.

In response, Defendant argues that it is well-settled law in Pennsylvania that Plaintiff carried the burden of proving that she made a good-faith effort to effectuate service of the complaint in a timely manner. Defendant insists that Plaintiff failed to meet this burden. In support of his argument, Defendant reminds the Court that Plaintiff's civil action was subject to a two-year statute of limitations and that the "purpose of any statute of limitations is to expedite litigation and thus discourage delay and the presentation of stale claims which may greatly prejudice the defense of such claims." Defendant's Brief at 7 (quoting *McCreesh*, 888 A.2d at 671). Defendant observes that the statute of limitations is not satisfied simply when a plaintiff timely files a complaint; rather, "the defendant must be provided notice of the action in order for the purpose of the statutes of limitation to be fulfilled." *Id.* (quoting *McCreesh*, 888 A.2d at 671).

Although Defendant acknowledges that the filing of a complaint tolls the statute of limitations, he highlights that this rule of law benefits a plaintiff only if she makes a good-faith effort to serve the complaint. Indeed, Defendant notes, Pa.R.C.P. 401(a) dictates that original process must be served within 30 days after the issuance of a writ or the filing of a complaint. *Id.* at 8. Defendant points out that, if a plaintiff fails to complete proper service, then the court lacks personal jurisdiction over the defendant. *Id.* (quoting *Cintas Corp. v. Lee's Cleaning Services, Inc.*, 700 A.2d 915, 917-18 (Pa. 1997)).

Next, Defendant turns his focus to *Lamp* and its progeny. According to Defendant, prior to *Lamp*, case law developed which allowed a plaintiff to commence an action by writ of summons and permitted the plaintiff to keep her cause of action alive by reissuing the writ within a time period equivalent to the statute of limitations applicable to the cause of action. *Id.* at 8-9. Defendant explains that, in *Lamp*, this Court stated that this practice was susceptible to abuse and that it was inconsistent with the policies underlying statutes of limitations; thus, the Court qualified the rule, holding that "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Id.* at 9 (quoting *Lamp*, 366 A.2d at 889). In other words, the *Lamp* Court required plaintiffs to attempt to deliver promptly the writ or complaint.

Defendant then recounts in detail a series of decisions that led to this Court's holding in *McCreesh*. *Id.* at 9-19. Regarding *McCreesh* itself, Defendant submits that, therein, the Court "announced a more flexible approach to the good-faith determination, 'excusing plaintiffs' initial procedurally defective service where the defendant has actual notice of the commencement of litigation and is not otherwise prejudiced.'" *Id.* at 19 (quoting *McCreesh*, 888 A.2d at 666). Defendant suggests that, "[i]n sum, *McCreesh* established a more flexible standard whereby a plaintiff's case will not be dismissed for technical missteps where the plaintiff provided the defendants with actual notice of the

commencement of litigation, and the statute of limitations had not yet expired." *Id.* at 21-22.

Defendant further claims that Plaintiff misstates the standard set forth in *McCreesh.* More specifically, Defendant submits that, contrary to Plaintiff's assertions, "*McCreesh* does not simply state that technical missteps can be excused - bar none - unless there is an 'intent to stall the judicial machinery' or actual prejudice to the defendant." *Id.* at 22. Indeed, Defendant avers that the Superior Court's decisions in cases like *Englert* appropriately apply *McCreesh* insomuch as those decisions hold that the plaintiff's negligence in fulfilling her service requirements evinced a failure to make a good-faith effort to effectuate service given that the plaintiff's misguided effort did not result in the defendant receiving actual notice of the commencement of the action. *Id.* at 22-26. Building on this theme, Defendant contends that the Superior Court in the instant matter properly applied its case law, which complies with *McCreesh*, in affirming the trial court's order.

In closing, Defendant insists that, because he filed a verified preliminary objection raising improper service, the Superior Court correctly concluded that the burden shifted to Plaintiff to demonstrate that she made a good-faith effort to serve Defendant in a timely manner. *Id.* at 27. As to the Superior Court's review of the record, Defendant highlights that the court accurately explained that Plaintiff did not allege, let alone prove, that she made the requisite effort to serve Defendant with her complaint. *Id.* at 27-28. Indeed, identifying that a determination of whether a plaintiff acted in good faith lies in the trial court's discretion, Defendant argues that the Superior Court correctly concluded that the trial court acted well within its discretion by sustaining Defendant's preliminary objection

and dismissing Plaintiff's complaint due to her failure to put forth a good-faith effort to serve that complaint.[6] *Id.* at 30-31.

## V. Analysis

Prior to *Lamp*, a plaintiff could comply with the service requirements of the Rules of Civil Procedure and simultaneously undermine the purpose of the statute of limitations by initiating an action *via* the filing a writ prior to the expiration of the statute of limitations and continually reissuing that writ after the statute had run, all the while without serving notice on the defendant that the plaintiff had commenced an action. The *Lamp* Court substantially narrowed this avenue for potential abuse by holding that "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Lamp*, 366 A.2d at 889. Stated more in the affirmative, *Lamp* requires plaintiffs to act diligently to meet their good-faith requirement to effectuate service of process upon defendants so as not to dilute the policies underlying the statute of limitations. *Id.* ("Our purpose is to avoid the situation in which a plaintiff can bring an action, but, by not making a good-faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations.").

In *Farinacci*, this Court aided the bench and bar by further defining the contours of the *Lamp* rule. As noted *supra*, the *Farinacci* Court clarified that: (1) plaintiffs carry an evidentiary burden of proving that they made a good-faith effort to ensure that notice of the commencement of actions was served on defendants, *McCreesh*, 888 A.2d at 672; and (2) "[i]n each case, where noncompliance with *Lamp* is alleged, the [trial] court must determine in its sound discretion whether a good-faith effort to effectuate notice was made[,]" *Farinacci*, 511 A.2d at 759. Importantly, our decision in *Farinacci* did nothing to

---

[6] The Philadelphia Association of Defense Counsel filed an *amicus* brief in support Defendant.

lessen a plaintiff's burden to act diligently in promptly serving notice of the commencement of an action on a defendant so as not to thwart the purpose of the statute of limitations. Indeed, the *Farinacci* Court ultimately concluded that the plaintiff therein failed to establish a good-faith effort to serve a writ where a four-week delay in service was attributable to counsel's negligence in forgetting to take the necessary steps to effectuate service of the writ. *Id.* at 759-60.

In *McCreesh*, the Court sought to resolve a pattern of conflicting opinions from the intermediate courts. On the one hand, some of those decisions required plaintiffs to comply strictly with the rules regarding service to satisfy the *Lamp-Farinacci* good-faith requirement, while, on the other hand, different panels allowed "a more flexible approach, excusing plaintiffs' initial procedurally defective service where the defendant has actual notice of the commencement of litigation and is not otherwise prejudiced[.]" *McCreesh*, 888 A.2d at 666. After explaining that "[n]either our cases nor our rules contemplate punishing a plaintiff for technical missteps where he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice[,]" the Court stated that it embraced the logic of cases which "would dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant." *McCreesh*, 888 A.2d at 674.

Although *McCreesh* made clear that a plaintiff could fulfill her good-faith service mandate without strictly complying with the service rules as long as her efforts resulted in actual notice of the lawsuit to the defendant, like *Farinacci*, *McCreesh* did nothing to modify a plaintiff's duty to act diligently to serve notice of the commencement of an action so as not to undermine the policies that drive the statute of limitations. Nor, for that matter, did *McCreesh* change the rule clarified in *Farinacci* that the plaintiff carries an evidentiary burden to prove that she made a good-faith effort to effectuate service of process in a

timely manner. To the contrary, as observed throughout this opinion, the *McCreesh* Court alluded to this evidentiary requirement. *See id.* at 672 ("We subtly altered our holding in *Lamp* in *Farinacci*, requiring plaintiffs to demonstrate 'a good-faith effort to effectuate notice of commencement of the action.'").

In sum, *Lamp* and its progeny require a plaintiff to make a good-faith effort in diligently and timely serving process on a defendant. When a defendant presents a factual dispute as to whether a plaintiff fulfilled this duty, the plaintiff carries an evidentiary burden to demonstrate that she met her good-faith mandate. If a plaintiff presents credible evidence that she made this attempt at service, then she fulfills her requirement to prove good faith. If a plaintiff does not present such evidence, then she has failed to satisfy her evidentiary burden, regardless of whether her actions (or inaction) were intentional, unintentional, or otherwise. However, pursuant to *McCreesh*, a trial court should not punish a plaintiff by dismissing her complaint where she is able to establish that her improper but diligent attempts at service resulted in the defendant receiving actual notice of the commencement of the action, unless the plaintiff's failure to serve process properly evinced an intent to stall the judicial machinery or otherwise prejudiced the defendant.

## VI. Conclusion

The incident that led to this negligence lawsuit occurred on July 25, 2016, and the two-year statute of limitations on the cause of action was set to expire on July 24, 2018. Plaintiff timely commenced the action by filing a complaint on April 26, 2018. As outlined in detail *supra*, the law required Plaintiff to act diligently in serving original process on Defendant so as not to undermine the policies that animate the statute of limitations. Concerning this requirement, the record reflects that, before the statute of limitations ran, Plaintiff filed only an affidavit of non-service in the trial court. The affidavit asserted that, on May 4, 2018, Plaintiff attempted to serve the complaint on Defendant at an address in

Philadelphia but learned from the owners of the home that Defendant had sold the house a year-and-a-half earlier and moved to Virginia. As the lower courts accurately reported, the trial court record and docket reflect that Appellant did nothing else until she filed a *praecipe* to reinstate the complaint on August 22, 2018.

On September 10, 2018, *i.e.*, nearly seven weeks after the statute of limitations would have expired on Plaintiff's claim but for the filing of the complaint, Defendant filed preliminary objections pursuant to, *inter alia*, Pa.R.C.P. 1028(a)(1), raising a factual question as to whether Plaintiff fulfilled her legal duty to make a good-faith effort to serve her complaint on Defendant. At that point, Plaintiff had an obligation to produce evidence to demonstrate that she met this duty; yet, she offered no such evidence.

Consequently, on October 3, 2018, the trial court entered an order sustaining Defendant's preliminary objection and dismissing Plaintiff's complaint with prejudice due to her failure to make good-faith efforts to serve the complaint on Defendant. Like the Superior Court, we find no abuse of discretion in this decision. Stated succinctly, Plaintiff failed to prove that she acted diligently in attempting to make her good-faith effort to serve Defendant with notice that she filed her complaint against him. Moreover, although Defendant's counsel entered an appearance on August 13, 2018, *i.e.*, after the statute of limitations expired, there is no evidence of record that would otherwise establish that Plaintiff's actions or inaction gave Defendant actual notice of the lawsuit in a timely manner.[7] Accordingly, the holding in *McCreesh* is of no assistance to Plaintiff.

---

[7] We further observe that it is unclear whether Plaintiff ever properly served her complaint on Defendant. In its opinion, the trial court noted that, on October 10, 2018, Plaintiff filed an affidavit of service and "ultimately serve[d] [Defendant] two (2) years and seventy-seven (77) days after the alleged motor vehicle incident, and six (6) months after filing the Complaint." Trial Court Opinion, 1/3/2019, at 6. However, in his brief to this Court, Defendant maintains that this attempt at service was improper because it was made at his mother's residence, not on him or his home. Defendant's Brief at 41-42. Accordingly, Defendant insists that he never has received proper service of the complaint. *Id.* at 42.

In closing, we observe that any averments made by Plaintiff in her motion for reconsideration have no impact on our conclusion in this matter. The trial court exercised its sound discretion in denying that motion, *supra* at 5 n.2, and we will not disturb that determination on appeal. For these reasons, we affirm the Superior Court's judgment, which affirmed the trial court's order sustaining Defendant's preliminary objection and dismissing Plaintiff's complaint with prejudice.

Chief Justice Saylor and Justices Todd and Dougherty join the opinion.

Justice Wecht files a dissenting opinion in which Justices Donohue and Mundy join.