J-S05019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| FUTURE HORIZONS PA-LTD.; FUTURE HORIZONS-HANOVER, LTD.; MOUNTAIN TERRACE PROPERTIES, INC.; FUTURE HORIZONS, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| FRANCIS J. HOEGEN, ESQ., AND HOEGEN & ASSOCIATES, P.C | |
| Appellees | No. 1064 MDA 2021 |

Appeal from the Order Entered June 29, 2021
In the Court of Common Pleas of Luzerne County
Civil Division at No: 2016-11729

BEFORE:  PANELLA, P.J., STABILE, J., and DUBOW, J.

MEMORANDUM BY STABILE, J.:          **FILED APRIL 01, 2022**

Appellants, Future Horizons PA-LTD.; Future Horizons-Hanover, LTD.; Mountain Terrace Properties, Inc.; Future Horizons, Inc., appeal from the June 29 2021 order sustaining the preliminary objection of Appellees, Francis J. Hoegen, Esq., and Hoegen & Associates, P.C. pursuant to Pa.R.C.P. No. 1028(a)(1),[1] and dismissing their complaint with prejudice.  We affirm.

---

[1]  The Rule Provides:

>        (a) Preliminary objections may be filed by any party to any pleading and are limited to the following grounds:

*(Footnote Continued Next Page)*

J-S05019-22

The trial court summarized the pertinent facts in its Pa.R.A.P. 1925(a) opinion:

> 1. The action was "commenced" on November 17, 2016, by virtue of a "Praecipe for Issuance of a Writ of Summons" which lists four corporations as Plaintiffs, and was filed by a non-attorney, non-party identified on the Writ as "Alex Zbinovsky, its President"'
>
> 2. There is no indication on the docket that the 11/17/2016 Writ was delivered to the Luzerne County Sheriff or that any attempt to serve it was made;
>
> 3. On December 15, 2016, a "Praecipe to Re-Issue Writ of Summons" was filed by "Alex Zbinovsky, individually and as President" in which "Alex Zbinovsky" was added as a Plaintiff together with the four original corporate Plaintiffs;
>
> 4. There is no indication on the docket that the 12/15/2016 Writ was delivered to the Luzerne County Sheriff for service;
>
> 5. On January 25, 2017, a "Certificate of Service" was filed which states:
>
>> I, Alex Zbinovsky, the undersigned, hereby certify that a true and correct filed stamped copy of the Amended Summons in Civil Action & Praecipe to Re-Issue Writ of Summons was sent to the above captioned Defendants at the above captioned address by U.S. Certified mail, return receipt requested on January 14, 2017.
>
> 6. No USPS certified mail sender's receipt, USPS return receipt (i.e., "green card"), or USPS Form 3817 ("Certificate of Mailing") is attached to the 1/25/2017 Certificate of Service and none have ever been filed of record in this matter;

---

> (1) lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form or service of a writ of summons or a complaint[.]

Pa.R.C.P. No. 1028(a)(1).

- 2 -

7. The next docket entry is "Notice of Proposed Termination of Court Case" filed by the Luzerne County Court Administrator on October 23, 2019, nearly 33 months after the 1/25/2017 Certificate of Service;

8. On December 17, 2019, "Alex Zbinovsky, individually and as President" filed a "Statement of Intention to Proceed";

9. On February 3, 2020, Christian W. Francis, Esquire, entered his appearance for the corporate Plaintiffs named in the original Writ;

10.    On February 4, 2020, Attorney Francis filed a "Praecipe to Reissue Writ of Summons";

11.    On February 12, 2020, a "Sheriff's Return of Service" was filed by the Sheriff's Office of Luzerne County which indicates that the Defendants were served on February 11, 2020;

12.    After two Court Orders (2/06/2020 and 7/13/2020) compelling them to do so, Plaintiffs finally filed a complaint on August 24, 2020;

13.    On September 11, 2020, Defendants filed Preliminary Objections to Plaintiffs' Complaint and a Brief in support thereof; and

14.    On October 2, 2020, Plaintiffs filed a Response to Defendants' Preliminary Objections and a Brief in support thereof.

Trial Court Opinion, 9/27/21, at 1-3.

Appellants' claim they retained Appellees to file tax assessment appeals for three properties Appellants purchased at tax sales. Appellants' complaint asserts causes of action for professional negligence, breach of fiduciary duty, and breach of contract arising from Appellees' alleged mishandling of the tax appeals. The trial court conducted a hearing on December 15, 2020, and sustained Appellees' preliminary objection by order of June 29, 2021. Our standard of review is as follows:

> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

***Brosovic v. Nationwide Mut. Ins.***, 841 A.2d 1071, 1073 (Pa. Super. 2004).

In their preliminary objection, Appellees alleged improper service of the writ of summons and resulting lack of personal jurisdiction. Notably, there is no dispute that the applicable statute of limitations for all Appellants' causes of action expired before the service of the February 2020 writ of summons. Appellants argue, however, that Appellees were on actual notice of this action much earlier. Appellants further argue that the technical deficiencies in their service of the writ of summons does not warrant dismissal of this action.

We observe that Rule of Procedure 1007 authorizes commencement of an action by writ of summons. Pa.R.C.P. No. 1007(1). Rule 400 mandates that original process be served by a sheriff. Pa.R.C.P. No. 400(a). Rule 401 requires service of a writ within thirty days of its filling. Pa.R.C.P. No. 401. We must determine whether the trial court erred in determining that Appellants wholly failed to comply with these service requirements, and that Appellants' failure was a valid basis for dismissal of the claim under Rule 1028(a)(1).

- 4 -

Our Supreme Court addressed this issue in ***McCreesh v. City of Philadelphia***, 888 A.2d 664 (Pa. 2005).  The ***McCreesh*** Court wrote that "rules relating to service of process must be strictly followed, and jurisdiction of the court over the person of the defendant is dependent upon proper service having been made."  ***Id.*** at 666 n.1 (quoting ***Sharp v. Valley Forge Med. Ctr. & Heart Hosp., Inc.***, 221 A2d 185, 187 (Pa. 1966)).  Nonetheless, the ***McCreesh*** Court adopted a "flexible approach, concluding that it sufficiently protects defendants from defending against stale claims without the draconian action of dismissing claims based on technical failings that do not prejudice the defendant."  ***Id.*** at 666.

> Neither our cases nor our rules contemplate punishing a plaintiff for technical missteps where he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice.  Therefore, we embrace the logic of [prior cases which] would dismiss only those claims where the plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiff's failure to comply with the Rules of Civil Procedure has prejudiced defendant.

***Id.*** at 674.

In ***McCreesh***, the plaintiff was injured on August 14, 2000 and filed a praecipe to issue a writ of summons on August 12, 2002, just within the applicable two-year limitations period.  ***Id.***  The plaintiff served the writ by certified mail and the defendant municipality signed for it on August 13, 2002.  ***Id.***  The plaintiff filed a complaint sounding in negligence on November 8, 2002.  ***Id.***  The defendant filed preliminary objections, claiming that service

of the writ by certified mail did not comply with Pa.R.C.P. No. 400.1,[2] which required service by a sheriff or competent adult. *Id.* at 667. Because the writ was defective, the defendant argued the plaintiff failed to comply with the statute of limitations. *Id.* The trial court overruled the defendant's preliminary objection, but the Commonwealth Court granted interlocutory review and reversed, finding that the plaintiff did not act in good faith because service of the writ by certified mail was not a good faith attempt to comply with the applicable procedural rules. *Id.* at 669. Because the plaintiff in *McCreesh* provided the defendant with actual, albeit technically deficient, notice, the Supreme Court reversed the Commonwealth and reinstated the order overruling the defendant's preliminary objections.

Appellants also cite *Hoeke v. Mercy Hosp. of Pittsburgh*, 386 A.2d 71 (Pa. Super. 1978), wherein the plaintiff commenced an action by writ of summons but never had it served, then sought to have the writ reissued approximately one year later after the original was lost. The prothonotary erroneously issued a new original writ rather than a substituted writ and the writ, if original, would have rendered one of the plaintiff's causes of action untimely under the applicable limitations period. Citing Civil Rule of Procedure

---

[2] "In an action commenced in the First Judicial District [Philadelphia County], original process may be served within the county by the sheriff or a competent adult[.]" Pa.R.C.P. No. 400.1(a)(1).

126,[3] the **Hoeke** Court declined a rigid application of the service rules, finding it "impossible to conclude that the defect in service in the instant case affected any substantial rights of the defendants." **Id.** at 77.

Appellants also cite this Court's recent opinion in **American Interior Constr. & Blinds, Inc. v. Benjamin's Desk, LLC**, 206 A.3d 509 (Pa. Super. 2019), wherein we held that service of notice intent to file a mechanic's lien by FedEx, while not technically compliant with applicable statute,[4] was not a basis for dismissing the plaintiff's action. Citing **McCreesh**, this Court reasoned that the defendant received actual notice of the action, and that the trial court erred in sustaining a preliminary objection based on the plaintiff's technical noncompliance with service requirements. **Id.** at 514-15.

In **American Interior**, this Court relied on **Lin v. Unemploy. Comp. Bd. of Review**, 735 A.2d 697 (Pa. 1999), wherein the Supreme Court held an appeal untimely because the only proof of the date of filing came from a private postage meter, and the "date on a private postage meter can be readily changed to any date by the user; therefore, it lacks the inherent reliability of the official United States postmark." **Id.** at 700.

---

[3] "The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties." Pa.R.C.P. No. 126.

[4] Section 1501(d) of the Mechanic's Lien Law requires service by first class, registered or certified mail. 49 P.S. § 1501(d).

With the foregoing precedents in mind, we turn to the facts before us. The record supports the trial court's finding that there is no evidence that the November 17, 2016 writ was served on Appellees. Likewise, the only evidence of service of the December 15, 2016 re-issued writ is a January 25, 2017 certificate of service filed by Appellants. The certificate of service references the use of certified mail but attached no documentation from the United States Postal Service ("USPS") to substantiate that claim. Appellants took no further action until after they received the October 23, 2019 termination notice. Finally, on February 4, 2020, Appellants' counsel filed a praecipe to reissue the writ, and the Luzerne County Sheriff's office filed a return of service on February 12, 2020. As noted above, Appellants do not dispute that the statute of limitations expired prior to February of 2020.

Appellants argue the trial court erred under **McCreesh**, inasmuch as the January 25, 2017 service put Appellees on actual notice of this action. Appellants claim their technical noncompliance with the requirements of service are not fatal to this action because Appellees were not prejudiced and because Appellants exhibited no intent to stall the judicial machinery. We disagree. First, the only record evidence of Appellees' actual notice is Appellants' unsubstantiated claim in their January 25, 2017 certificate of service. On this point, we find **Lin** instructive. Although it arose in the context of an appeal from the denial of unemployment compensation benefits, **Lin** teaches that a date stamp from a private postage meter was suspect because

it was subject to falsification by the user. Similarly, a claim of service by certified mail, without substantiating USPS documentation, is subject to falsification by the party filing the certificate of service. In this case, unlike **McCreesh** and **American Interior**, there is no evidence that Appellees received actual notice of the pending action until years after Appellants procured the original writ. We therefore conclude the trial court did not abuse its discretion in finding that Appellants failed to put Appellees on actual notice of this litigation until February of 2020, more than three years after the original writ and after the expiration of the statute of limitations.

This is significant, as actual notice was critical to the outcome in **McCreesh**, as the **McCreesh** Court cited with approval several cases overlooking technically deficient service of process where the deficiency did not deprive the target of actual notice. **McCreesh**, 888 A.2d at 674 (citing **Hoeke**; **Fulco v. Shaffer**, 686 A.2d 1330 (Pa. Super. 1996), **appeal denied**, 698 A.2d 594 (Pa .1997); **Leidich v. Franklin**, 575 A.2d 914 (Pa. Super. 1990), **appeal denied**, 584 A.2d 319 (Pa. 1990); **Big Beaver Falls Area School Dist. v. Big Beaver Falls Area Educ. Assoc.**, 492 A.2d 87 (Pa. Commw. 1985)).

Moreover, the **McCreesh** Court noted that the "purpose of any statute of limitations is to expedite litigation and thus discourage delay and the presentation of stale claims which may greatly prejudice the defense of such claims." **Id.** at 671 (quoting **Insurance Co. of N. Amer. v. Carnahan**, 284

A.2d 728, 729 (Pa. 1971)).  The record supports the trial court's finding that Appellants did nothing for more than three years following their original praecipe for a writ of summons other than file an unsubstantiated "self-serving" certificate of service.  Trial Court Opinion, 9/27/21, at 4.  In other words, Appellants' unexplained failure to provide Appellees with actual notice of this action deprived Appellees of the ability to begin to prepare their defense within the applicable limitations period.[5]

Finally, we observe that it took a notice of termination followed by two orders from the trial court before Appellants finally filed their complaint.  We further observe that the complaint was filed approximately three years and nine months after the original writ.  Appellants, therefore, cannot credibly argue that there is no evidence of their intent to stall the judicial process.

For all the reasons explained above, we discern no error or abuse of discretion in the order sustaining Appellees' preliminary objection and dismissing this case with prejudice.

Order affirmed.

---

[5] We are cognizant that the statute of limitations is grounds for an affirmative defense, rather than a preliminary objection.  As explained in **McCreesh**, however, the failure to put a defendant on actual notice of the limitations period can be prejudicial to the defendant, and therefore the running of the limitations period is relevant to the prejudice analysis under **McCreesh**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/01/2022